## DILL v. DURHAM.

MAGISTRATE—GREERS—CONSTITUTION.—THE ACT, 19 STAT., 1027, locating a trial justice at Greers, in Greenville County, and giving him general jurisdiction in Greenville and Spartanburg Counties, was repealed by sec. 23, art. V., Con. 1895; and such magistrate living in Greenville County has no jurisdiction of a defendant living in Spartanburg County.

Before TOWNSEND, J., Greenville, April, 1899. Affirmed.

Action for debt by F. P. Dill against G. W. Durham, in magistrate's court at Greers. Judgment for plaintiff. Defendant appeals. Appeal sustained. Plaintiff appeals to this Court.

*Messrs. McCullough & Martin,* for appellant, cite: *Is act of 1887 repealed by 21 Stat., 275?* 41 S. C., 501; 11 Wall., 88. *Is said act repealed by art. V., sec. 23, Con. 1895?* 19 Stat., 1027; 13 S. C., 546.

*Mr. Adam C. Welborn,* contra, cites: *Magistrate at Greers cannot try a case against a defendant in Spartanburg County:* Con. 1895, art. V., sec. 23; art. XVII., sec. 11. *21 Stat., 275, repeals act of 1887. As to de facto officers:* 3 Brev., 516; 2 Speers, 138; 3 Strob., 92; 3 S. E. R., 849; 54 S. C., 282.

February 27, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from the following order of the Circuit Judge: "The appellant has appealed to this Court from a judgment rendered against him and in favor of the respondent, on the 6th day of October, 1898, by W. J. McCain, as magistrate, under the act of 1887, 19 Stat., 1027, which locates him at Greers, in Greenville County, with general jurisdiction in the Counties of

Greenville and Spartanburg. The appellant at the time of the rendition of said judgment, and for four years prior thereto, resided in the County of Spartanburg. At the hearing of the appeal the appellant took the position that said judgment was null and void upon two grounds: 1st. That said magistrate had no power to try said case and render said judgment, because the Constitution of 1895, art. 5, sec. 23, provides: 'Every civil action cognizable by magistrates shall be brought before a magistrate in the county where the defendant resides.' 2d. That said W. J. McCain had no power to try said case and render said judgment, because the said act of 1887 has been repealed by the act of 1892, 21 Stat., 275. The Court sustains the appellant on both positions. It is, therefore, ordered, that the appeal be, and the same is hereby, sustained, and the said judgment is hereby declared null and void."

The record contains the following statement: "From this order the plaintiff in due time gave notice of appeal to the Supreme Court, and the defendant gave the plaintiff notice that he would move the Supreme Court to sustain the judgment below upon the additional ground that the plaintiff laid the venue before the magistrate in Spartanburg County instead of Greenville County, which was one of the defendant's grounds of appeal to the Circuit Court."

The plaintiff's exceptions are as follows: "I. His Honor erred in holding that, under the Constitution of 1895, art. 5, sec. 23, Magistrate McCain had no jurisdiction; it being respectfully submitted that, under the act creating Greers as a Magisterial Judicial District, and under the law the said magistrate, for the purpose of exercising the jurisdiction therein conferred, was a magistrate in the county where the defendant resided. II. Because there was no evidence that the place where the said case was tried and judgment rendered, was not in the County of Spartanburg, where the defendant resided. III. His Honor erred in holding that said W. J. McCain had no power to try said case and render said judgment, because the said act of 1887

had been repealed by the act of 1892, 21 Stat., 275; it being respectfully submitted that the said act of 1892 did not repeal the act of 1887, which was a special act; and further, that Magistrate McCain was vested with full legislative authority to render the judgment appealed from.    IV. His Honor erred in considering the second ground of the appeal referred to in said order; it appearing that no such point was ever made before the magistrate.    V. His Honor erred in not holding that, in any event, the said W. J. McCain was an officer *de facto,* and in not sustaining his judgment on that ground."

Section 23, art. V., Constitution 1895, is as follows: "Every civil action, cognizable by magistrates, shall be brought before a magistrate in the county where the defendant resides, and every criminal action in the county where the offense was committed.    In all cases tried by them, the right of appeal shall be secured under such rules and regulations as may be provided by law : *Provided,* That in counties where magistrates have separate and exclusive territorial jurisdiction, criminal causes shall be tried in the magistrate's district where the offense was committed, subject to such provision for change of venue from one magistrate's district to another in the same county as may be provided by the General Assembly."    The act of 1887, 19 Stat., 1027, to which his Honor refers in his order, contains the following provision : "That one of the trial justices shall be located at Greers, in Greenville County, who shall have general jurisdiction in the Counties of Greenville and Spartanburg * * *" . This act is repugnat to and in direct conflict with the foregoing provision of the Constitution, and even if it was not repealed by any subsequent act, was, nevertheless, repealed by the said constitutional provision.

As the magistrate was without jurisdiction in the premises, the other questions presented by the exceptions do not properly arise and, therefore, will not be considered.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.