## STATE v. HOLCOMB.

1. JURISDICTION—TRESPASS.—A MAGISTRATE has jurisdiction to try a criminal case for unlawfully, wilfully and maliciously trespassing on real property in the posession of another, where the damages thereto are less than twenty dollars, even if the defendant set up as his defense under the plea of not guilty, and offered proof tending to show the same, that the prosecutor had no title to the land, but that the title was in his wife.

2. APPEAL—MAGISTRATE.—There being some evidence to sustain the finding of the Circuit Court on appeal from magistrate, this Court will not disturb the judgment.

Before TOWNSEND, J., March, 1901. Affirmed.

Indictment against B. H. Holcomb for trespass.  From order of Circuit Court affirming judgment of magistrate court against defendant, he appeals.

*Messrs. N. W. Hardin* and *G. W. Speer,* for appellant.

*Messrs. Solicitor J. K. Henry* and *Butler & Osborne,* contra.

March 4, 1902.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  The appellant was convicted before a magistrate in Cherokee County for wilfully, unlawfully and maliciously cutting trees and trespassing upon lands of the prosecutors, the trustees of Griffin Hill Church, in violation of sec. 166, Criminal Code 1893.  Besides a plea of not guilty, the defendant specially denied that the title and possession of said land was in the prosecutors, but claimed that such title and possession was in the wife of the defendant. On appeal therefrom the judgment of the magistrate court was affirmed by the Court of General Sessions.

The principal question raised below and here is whether the magistrate had jurisdiction to try the case where the title to real estate was involved.  We agree with the Circuit Court that the magistrate had jurisdiction.  Sec. 21, art. V., of the Constitution, denies to the magistrates jurisdiction in civil cases where the title to real estate is in question, but provides that they shall have exclusive jurisdiction in such criminal cases as the General Assembly may prescribe, wherein the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days.  Sec. 166 of the Criminal Code, by the act of 1892, 21 Stat., 93, the act of 1893, 21 Stat., 411, and the act of 1894, 21 Stat., 824, has been amended so as to read as follows: "Whoever shall wilfully, unlawfully and maliciously cut, mutilate, deface or otherwise injure, any tree, house, outhouse, fence or fixture of another, or commit any other tres-

pass upon real property in the possession of another, shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined and imprisoned at the discretion of the Judge before whom the case shall be tried: *Provided,* That when the damage to such property does not exceed twenty dollars, the punishment shall be a fine of not more than one hundred dollars or imprisonment for a period of not more than thirty days." While previous to the act of 1892, *supra,* trial justices or magistrates had no jurisdiction of offenses under this statute—*State* v. *Mays,* 24 S. C., 190—now by reason of said amendment they have jurisdiction unless it appears that the damage of said property exceeds twenty dollars—*State* v. *Jeter,* 47 S. C., 2; and it does not appear in this case, nor is it suggested even, that the damages exceeded that amount. Unless, therefore, the fact that defendant in his defense alleged title and possession in his wife and offered some evidence thereof, would deprive the magistrate of jurisdiction, there is no doubt that such court had jurisdiction. We do not think such plea and evidence thereunder in any way effected the magistrate's jurisdiction to try the criminal offense named. Under the section of the Constitution above cited, and section 78, *et seq.,* of the Code of Civil Procedure, magistrates have no jurisdiction in civil cases where the title to real property shall come in question, and the procedure in such cases is regulated by the Civil Code; but those provisions, of course, do not relate to the jurisdiction and procedure in criminal cases before magistrate. Indeed, in this case the question as to the title to the land was merely incidental to the question whether the defendant unlawfully, wilfully and maliciously cut trees or committed a trespass upon real property in the possession of another. The defendant having pleaded not guilty, it was incumbent on the State to prove beyond a reasonable doubt all the elements constituting the offense charged, including proof that the real property was in possession of another, and the evidence of defendant that title and possession was in his wife, was merely matter in defense on the plea of not guilty.

As to the other exceptions, it is sufficient to say that the Circuit Court in affirming the judgment of the magistrate has found as a matter of fact that the defendant unlawfully, wilfully and maliciously trespassed upon real property in the possession of the prosecutors, and there being some evidence to sustain such findings, there was no error of law in affirming the judgment of the magistrate.

The judgment of the Circuit Court is affirmed.