April 8, 1914. The opinion of the Court was delivered by
Rogers sued Townes in claim and delivery in a magistrate's Court, in Oconee. Townes did not appear, though she had notice to do so, and judgment went against her. Townes resides then and now in Greenville. Thereafter Townes moved in the Circuit Court of Oconee, whence the judgment had been docketed, to vacate it. The motion was denied and Townes appeals here. The order of the Circuit Court is not printed in the case.
The sole contention made in the exceptions and argument is, that a magistrate's Court in Oconee had no jurisdiction *Page 57 
to hale the defendant before it, and the judgment of a magistrate in such a case is void. It is assumed the Judge below was deciding that issue when the order appealed from was made.
The power and duty of a magistrate in such a case is prescribed by the Constitution, and by the Code of Procedure. Const. 1895, art. V, sec. 23.
It was so prescribed by the Constitution of 1868. Art. IV, sec. 24.
By the Constitution, the action ought to have been "brought before a magistrate in the county where the defendant resides."
That section of the Constitution has been construed already. Dill v. Durham, 56 S.C. 425, 35 S.E. 3.
Had the defendant appeared in a magistrate's Court in Oconee and challenged the jurisdiction of that Court to try the cause, it would have been the duty of that Court to do one of two things, to dismiss the suit, or to remove it to a magistrate's Court in Greenville, there to be tried.
But the defendant did not appear, and the issue now made is this: What is the status of the judgment, and that means, could and did the defendant waive her right to demand that the cause be tried in Greenville, and thereby render the judgment good? The issue is determinable, the Court has held, by the terms of the Constitution; by sections 172-176 of the Code, and by the laws of waiver.
The mandate of the Constitution is not different in obligation from that of the statute, unless the statute prescribed a rule repugnant to the Constitution.
Jurisdiction is a barren tree; it brings no fruit to perfection, but casts it out of time; and judgments sustaining the plea of a lack of it are apt to bring reproach upon the administration of the law. Where, however, the plea is made at the threshold of the contest, it is timely and must and should be sustained. *Page 58 
But if a controversy be fought out by two litigants, each thinking he is on the right side of a line, it often turns out to be no fight, because the litigants ought to have been on the other side of the line.
That is jurisdiction. Sometimes, indeed, where title to land is involved, and succeeding and public interests demand that the record must be in a particular county, to wit, the county where the land lies, the contest must be had in that county. Such an instance was Silcox v. Jones,80 S.C. 484, 61 S.E. 948.
But even there, an order to transfer the evidence of the fight to the right county, would save jurisdiction the fruits of the fight.
In the case at bar, if the defendant had appeared in Oconee, and contested the plaintiff's case, then plainly she would have waived her right to a trial in Greenville.
The right to be sued in one's own county, when the subject of the action is not real property or personal property which has been distrained, is altogether personal, and being so, the person may waive it, the matter concerns none else.
Here, there was, of course, no land in controversy; and there was no distrained personal property in controversy; the magistrate had jurisdiction in claim in delivery for a lot of hay; he was only denied jurisdiction of the person of the defendant; and if she should give that, the magistrate might proceed. See Baker v. Irvine, 62 S.C. 299,40 S.E. 672; Garrett v. Herring, 69 S.C. 278, 48 S.E. 254;Jenkins v. R.R., 84 S.C. 344, 66 S.E. 409; Duncan v.Duncan, 93 S.C. 493, 76 S.E. 1099.
The cases in this State show that two views on the subject of jurisdiction and waiver have contended for the ascendency. That appears in the case of Jenkins v. R.R.,84 S.C. 344, 66 S.E. 409, decided by the Court en banc.
Perhaps the case that went furthest to follow the letter of the law, and thereby sustain the plea of lack of jurisdiction, *Page 59 
is Bell v. Fludd, 28 S.C. 5 S.E. 810, and the case that went furthest to deny the plea is Garrett v. Herring,69 S.C. 48 S.E. 254.
The narrow issue now presented is, has the defendant impliedly waived her right to a trial in Greenville county by merely failing to appear at the trial to challenge jurisdiction?
May implication follow from action or nonaction? Had defendant appeared and answered, the implication would have been she assented to trial in Oconee; had she appeared, and said by the record or by parol, "I consent to a trial in Oconee," that would have been express assent to a trial in Oconee. 40 Cyc., pp. 124-5.
When the nonaction consists in absence and silence, does the implication still arise that defendant assented?
That involves a consideration of a defendant's duty when summoned to appear in a Court of justice.
A Court is presumed to do its duty; and when it, in a good faith which must be presumed, summons the citizen to answer before it, the duty of the citizen is to appear at all events; his failure to appear leads to just such an event as this, a delay in the administration of justice.
A magistrate is not presumed to know the county where a defendant resides; a defendant cannot require the magistrate to play hide and seek about that matter; if the magistrate has made a mistake, the defendant knows and must appear and state the fact; his failure so to appear and state the fact warrants the magistrate to conclude one of two things, either that the defendant has been sued in the county of his residence, or that the defendant assents to suit in the county named as the venue.
This was the view of the Circuit Court; therefore, the judgment below must be affirmed.