8870

## STATE v. RICHARDSON.

### (82 S. E. 353.)

CRIMINAL LAW. ENTRY AFTER NOTICE ON LANDS OF ANOTHER. DEFENSES. MAGISTRATE'S JURISDICTION. APPEAL AND ERROR.

1. Under Cr. Code 1912, sec. 94, providing that the party appealing from a magistrate's Court shall serve a notice of appeal stating the

ground thereof, section 95, requiring the magistrate to file in the office of the clerk of Court such notice with the record and statement of all proceedings in the case and the testimony in writing taken at the trial, and signed by the witnesses, and section 98, providing that the appeal shall be heard by the Court of General Sessions upon the grounds of exceptions made, and upon the papers thereinbefore required, without the examination of witnesses in such Court, affidavits submitted by accused when his appeal was heard in the Circuit Court, contradicting the magistrate's report of the testimony, constituted no part of the proceedings upon which the appeal was to be heard, and the Court properly refused to consider them.

2. Code Civ. Proc. 1912, sec. 407, providing, relative to appeals to the Circuit Court from an inferior Court, that if the appeal is founded on an error of fact not affecting the merits of the action, and not within the knowledge of the magistrate, the Court may determine the alleged error of fact on affidavits, or, in its discretion, upon examination of witnesses, does not apply to criminal cases in view of section 8, which provided that that Code is divided into two parts, and that the first relates to Courts of justice and their jurisdiction, and the second to civil actions; section 407 being in the second part.

3. Code Civ. Proc. 1912, sec. 88, providing that in every action brought in a Court of magistrate, where the title to real property shall come in question, defendant may set forth in his answer any matter showing that such title will come in question, and that the magistrate shall thereupon countersign the answer and deliver it to plaintiff, does not apply to criminal cases, and the magistrate in a criminal case properly refused to countersign the answer.

4. In a prosecution for unlawful entry on lands of another, the magistrate's Court is not deprived of jurisdiction by tender of issue as to title.

Before C. J. RAMAGE, special Judge, St. George, September, 1913. Affirmed.

Prosecution for unlawful entry, after notice, on lands of another. The defendant, John Richardson, Jr., being convicted in the magistrate's Court, appealed to the Court of General Sessions, which affirmed the judgment of the magistrate. Defendant then appealed from the judgment of the Court of General Sessions. The facts are stated in the opinion.

*Mr. Legare Walker,* for appellant, submits: *The affidavits submitted to the Circuit Court at hearing of appeal to show error in statements of fact in the magistrate's return should have been considered by the Court:* Code Civil Proc., secs. 406, 408; Crim. Code 98, 102; 64 S. C. 224; 74 S. C. 443; 80 S. C. 92; 64 S. C. 408. *Provision for further return by magistrate:* Sec. 403, Code Civil Proc., inapplicable. *Has defendant in criminal prosecution right to raise question of title, and so oust the magistrate of jurisdiction?* Code Civil Proc., secs. 88 and 89; Criminal Code, sec. 241. Code Civil Proc., sec. 87, *distinguished;* 35 S. C. 266, *distinguished;* 63 S. C. 22, *questioned.*

*Mr. Solicitor Hildebrand* and *Mr. W. A. Holman,* for respondent.

July 9, 1914.

The opinion of the Court was delivered by MR. JUSTICE GARY.

The defendant, John Richardson, Jr., was convicted before a magistrate for violating section 241 of the Criminal Code, which provides that every entry upon the lands of another, after notice from the owner or tenant prohibiting the same, shall be a misdemeanor. The sentence imposed upon him by the magistrate was that he pay a fine of $50, or serve 30 days at hard labor on the public works of the county. He appealed from the sentence to the Circuit Court; but his appeal was dismissed, whereupon he appealed to this Court.

The first question that will be considered is whether there was error on the part of his Honor, the presiding Judge, in refusing to consider certain affidavits.

The magistrate, in his report of the testimony, stated that Joseph Bivens, a witness for the State, testified that he had given notice to the defendant not to enter upon his lands

for any purpose. When the appeal was heard in the Circuit Court, the appellant submitted the affidavit of Rene Ravenel and five other persons to the effect:

"That he was present at the trial of this case before J. E. Carroll, magistrate; that Joseph Bivens testified, not only once but several times, that he had given notice to John Richardson, Jr., not to enter upon any of his lands to survey the same; that his attorney, Mr. Holman, endeavored to get him to say that he had given an unqualified notice not to enter, but he did not testify to this."

As it did not appear from the record what position the presiding Judge took in regard to the affidavits submitted to him, the matter was brought to his attention, and he filed the following order:

"In passing on the above case, certain affidavits were presented by counsel for defendant. In my discretion, I refused to consider said affidavits, but based my judgment on the testimony taken before the magistrate."

Section 94 of the Criminal Code provides that the appellant shall serve notice of appeal on the magistrate within five days after sentence.

Section 95 thereof is as follows:

"Within ten days after said service the said magistrate shall file in the office of the clerk of the Court the said notice, together with the record and statement of all proceedings in the case, and the testimony in writing taken at the trial and signed by the witnesses."

Section 98 thereof is as follows:

"The said appeal shall be heard by the Court of General Sessions upon the grounds of exceptions made, and upon the papers hereinbefore required, and without the examination of witnesses in said Court. And the said Court may either confirm the sentence appealed from, reverse or modify the same, or grant a new trial, as to the Court may seem meet and conformable to law."

It will thus be seen that the affidavits constituted no part of the proceedings upon which the appeal was to be heard, and that there was no error on the part of the presiding Judge in refusing to consider them.

2    It is true section 407 of the Civil Code provides:

"If the appeal is founded on an error in fact in the proceedings, not affecting the merits of the action, and not within the knowledge of the magistrate, the Court may determine the alleged error in fact on affidavits, and may, in its discretion, inquire into and determine the same upon examination of the witnesses."

There are several reasons, however, why said provision is inapplicable to the case under consideration, one of which is that this is a criminal proceeding.    Section 8 of the Code of Civil Procedure is as follows:

"This Code of Procedure is divided into two parts: The first relates to Courts of justice and their jurisdiction; the second relates to civil actions in the Courts of this State."

Section 407 is included in the second part of the Code of Procedure.    *State v. Pitts,* 12 S. C. 180, 32 Am. Rep. 508; *State* v. *Reynolds,* 48 S. C. 384, 26 S. E. 679.

The exceptions raising this question are overruled.

The next question that will be considered is

3    whether there was error on the part of the presiding Judge in overruling the following ground of appeal:

"Because the magistrate erred in refusing to countersign the answer of defendant at the time he was requested so to do; the error being that section 88 of volume II of the Code of Laws of S. C., 1912, requires the magistrate to countersign such answer."

Section 88 is as follows:

"In every action brought in a Court of magistrate where the title to real property shall come in question, the defendant may, either with or without other matter of defense, set forth in his answer any matter showing that such title

will come in question. Such answer shall be in writing, signed by the defendant or his attorney, and delivered to the magistrate. The magistrate shall thereupon countersign the same and deliver it to the plaintiff."

The case of *State* v. *Holcomb,* 63 S. C. 22, 40 S. E. 1017, sustains the ruling of the presiding Judge.

See, also, *State* v. *Green,* 35 S. C. 266, 14 S. E. 619.

This Court, upon the request of the appellant's attorney, granted him permission to review the case of *State* v. *Holcomb,* 63 S. C. 22, 40 S. E. 1017. After careful consideration, we adhere to the rule therein stated.

These conclusions practically dispose of all the exceptions. Appeal dismissed.