9351

TURNER v. HARRIS.

(88 S. E. 379.)

MAGISTRATES—APPEAL—JURISDICTION—RESIDENTS OF ANOTHER COUNTY—JUDGMENT.—As a magistrate has no power, in the absence of statute, to sue in one county a resident of another county, when the Circuit Court on appeal found that the magistrate had no jurisdiction over the defendant, it should have directly dismissed the case or ordered the magistrate to do so, and it was error to remand the case to the magistrate for further proceedings.

Before GARY, J., Edgefield, August, 1915. Modified.

Action by J. M. Turner against W. R. Harris. From an order of the Circuit Court remanding the case to the magistrate, the defendant appeals.

*Mr. Wm. M. Smoak,* for appellant, cites: *As to jurisdiction of magistrate:* 68 S. C. 368; 62 S. C. 533; 97 S. C. 57; 56 S. C. 425; Code Civ. Proc., sec. 97, subd. 19.

*Mr. N. G. Evans,* for respondent, cites: Code Civ. Proc., sec. 176; 22 S. C. 276; 26 S. C. 70; 86 S. C. 329; 84 S. C. 343; 87 S. C. 56.

March 25, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal involves a single question of law, and that is: Ought the Circuit Court, when it had concluded a magistrate's Court had no jurisdiction to sue in one county a resident of another county, to have remanded the case back to the magistrate's Court "for such disposition as he may see fit to make of the case in accordance with law?" The Circuit Court, we think, made that direction through inadvertence; for the issue the Court considered was whether the defendant was a resident of Edgefield or Pickens.

It may be that the magistrate would dismiss the case when remanded to him, as he ought to have done in the first instance; and in that view the order of the Circuit Court would do no wrong. But, when the Circuit Court found the magistrate had no jurisdiction of the defendant, the Circuit Court ought to have directly dismissed the case, or at least directed the magistrate to do so. *Riley* v. *Insurance Co.,* 68 S. C. 387, 47 S. E. 708.

The Code does not give a magistrate power to change the place of trial from one county to another; and he has no such power without it is given by statute. The case simply goes out of his hands when it is ascertained as a fact that the party he has sued resides in another county.

The order of the Circuit Court is modified, with direction to dismiss the case.

It is so ordered.