## 11659

### STATE v. FUNDERBURK

(126 S. E., 140)

1. CRIMINAL LAW—NOTICE OF APPEAL FROM MAGISTRATE'S COURT TO CIRCUIT COURT MAY BE SERVED BY MAIL.—Defendant appealing from magistrate's Court to Circuit Court may serve notice of appeal by mail, in view of Const. Art. 5, § 23, and Code Civ. Proc. 1922, § 640.

2. CRIMINAL LAW—SERVICE OF "NOTICE OF INTENTION TO APPEAL" FROM MAGISTRATE'S COURT TO CIRCUIT COURT HELD SERVICE OF "NOTICE OF APPEAL" REQUIRED BY STATUTE.—Service of "notice of intention to

appeal" from Magistrates Court to Circuit Court *held*, sufficient service of "notice of appeal" as required by statute, such terms denoting the same thing.

3. CRIMINAL LAW—PLEA OF GUILTY IN MAGISTRATE'S COURT DID NOT ESTOP DEFENDANT TO APPEAL TO CIRCUIT COURT.—Plea of guilty in magistrate's Court did not estop defendant to appeal from sentence imposed to Circuit Court.

4. CONSTITUTIONAL LAW — CONSTITUTIONAL QUESTION NOT DECIDED WHERE DECISION IS UNNECESSARY TO DETERMINATION.—Constitutional question will not be decided where decision is not necessary to determination of case.

5. CRIMINAL LAW—CIRCUIT COURT COULD IMPOSE SENTENCE IN ALTERNATIVE ON APPEAL FROM SENTENCE BY MAGISTRATE'S COURT TO IMPRISONMENT.—On appeal from judgment of magistrate imposing sentence of imprisonment for 30-day period, the Circuit Court could impose a fine of $100 or imprisonment for 30-day period under Code Cr. Proc., 1922, § 119, subs. 6, empowering the Court to "modify" the sentence appealed from.

6. CRIMINAL LAW—CIRCUIT COURT ON APPEAL FROM MAGISTRATE'S COURT COULD NOT CONSIDER MATTERS NOT CONTAINED IN MAGISTRATE'S RECORD.—On appeal from sentence imposed by Magistrate's Court, the Circuit Court could not consider statements of proceedings in case extraneous to Magistrate's record.

7. CRIMINAL LAW—SUPREME COURT WILL NOT CONSIDER WHETHER SENTENCE IMPOSED BY CIRCUIT COURT ON APPEAL FROM MAGISTRATE'S COURT IS HARSH OR SEVERE.—The Supreme Court will not consider question of whether sentence imposed by Circuit Court, on appeal from sentence imposed by magistrate, was harsh or severe, such question being for the Circuit Court.

Before DENNIS and MEMMINGER, Judges, Darlington, February, 1924. Affirmed.

William Funderburk pleaded guilty in Magistrate's Court to charge of carrying concealed weapon, and from an order of the Circuit Court refusisg to dismiss his appeal thereto, and from an order putting in the alternative the sentence imposed by the Magistrate, the State appeals.

*Mr. J. Monroe Spears, Solicitor,* and *Mr. F. A. Miller,* for appellant, cite: *Appeal:* Code Crim. Proc., Sec. 115; 19 S. C., 143. *Service of process or notice:* 21 R. C. L., 1269; 19 Enc. Pl. & Pr., 614; 2 Enc. Pl. & Pr., 221; Ann. Cas.

1915-A, 220; 3 C. J., 1236; 4 McC., 463; 52 S. C., 528; 66 S. C., 451. *Notice of intention to appeal:* 2 Enc. Pl. & Pr., 219, 214. *Plea of guilty estops right of appeal:* Code 1922, Vol. 1, Secs. 114, 115, 117; 28 Enc., 639; 118 S. E., 621; 61 S. C., 24; 58 S. C., 435; 52 Am. St., 758. *Sentence:* Code Crim. Proc., Sec. 19; 68 S. C., 196; 88 S. C., 196; 86 S. C., 370. *By a Magistrate:* Const., Art. V, Sec. 33; 83 S. C., 47. *As to harshness or severity:* 17 C. J., 475; 27 R. C. L., 167; 119 Am. St. Rep., 876; 6 S. C., 12.

*Messrs. T. C. Cork* and *C. T. Graydon,* for the respondent, cite: *Appeal and notice:* 74 S. C., 27. *Additional facts after sentence irrelevant:* 8 S. C., 173; 24 S. C., 593; 69 S. C., 593; 80 S. C., 450; 70 S. C., 400.

January 13, 1925.

. The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case contains the following "statement":

"This appeal is from an order of Hon. E. C. Dennis, refusing to dismiss the appeal herein, and also from an order of Hon. R. W. Memminger, putting in the alternative the sentence imposed by the Magistrate on the defendant. On September 27, 1923, the defendant pleaded guilty in the Magistrate's Court to the charge of carrying concealed on his person an unlawful weapon, to wit, a .45-calibre pistol, in violation of the statute in such case made and provided, and was thereupon sentenced to serve a term of 30 days on the public works of Darlington County. The defendant having pleaded guilty, the Magistrate refused to fix an appeal bond, and such proceedings were thereafter had by way of *habeas corpus* as resulted in the allowance of an appeal bond. Judge Dennis overruled the State contention that having pleaded guilty, and the sentence being such as was allowed by law, the defendant could not appeal, holding that the right of appeal still existed, and ordering the Magistrate to make return and accept bail. The case came on for

hearing before Judge Memminger, presiding Judge, at Darlington, in February, 1924, and without going into the facts or considering any papers used at other hearings, Judge Memminger held that the statute [Section 119, Code of Criminal Procedure; 1 Code of Laws of South Carolina, 1922, p. 411], empowering Magistrates to impose any sentence within the limits therein mentioned, singly or in the alternative, was unconstitutional, and, accordingly, modified the sentence by imposing imprisonment for a period of 30 days or a fine of $100.00. Due notice of intention to appeal was given from both the aforesaid orders and this appeal questions the correctness of said rulings on grounds appearing in the moving papers hereinafter set out."

In the argument for the State, the appellant, we find a statement of the questions raised and they will be stated and considered as made by the appellant.

I. Was personal service of the notice and grounds of appeal necessary? The right of appeal is guaranteed by the Constitution, Art. 5, § 23:

"In all cases tried by them, the right of appeal shall be secured under such rules and regulations as may be provided by law."

The respondent has, therefore, a constitutional right of appeal. On the civil side of the Court it is expressly provided that the notice of appeal may be served by mail. See Section 640. If the Legislature intended to restrict the right of appeal in criminal cases, it could have said so. This service by mail is sufficient, inasmuch as it was actually received within due time.

II. Was notice of intention to appeal the notice of appeal required by the statute? These terms are used in the statute to denote the same thing. In appeals from Magistrates' Courts it is called "notice of appeal"; in appeals to this Court, the term is "notice of intention to appeal."

III. Was respondent estopped by his plea of guilty to appeal? The appeal was from the sentence. The sentence comes after the plea of guilty. This point cannot be sustained.

IV. May a Magistrate impose sentence singly and not in the alternative? This raises a constitutional question that is not necessary to the determination of the case, and, therefore, should not be decided in this case.

It is provided in Code of Criminal Procedure, § 119:

(119) § 6. *Appeal Heard Without Examination of Witnesses.*—The said appeal shall be heard by the Court of General Sessions upon the grounds of exceptions made, and upon the papers hereinbefore required, and without the examination of witnesses in said Court. And the said Court may either confirm the sentence appealed from, reverse or modify the same, or grant a new trial, as to the said Court may seem meet and conformable to law."

The order of Judge Memminger was clearly a modification, and, therefore, clearly within his discretion.

Could Judge Memminger, as a matter of law, declare the sentence imposed harsh and severe without considering the statements of the proceedings in the case extraneous to the Magistrate's record. His Honor had no right to consider these matters.

VI. Was the sentence imposed either harsh or severe? That was a matter for Judge Memminger.

The judgment should be, and is, affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. ACTING ASSOCIATE JUSTICE CHARLTON DuRANT (dissenting): I concur in the majority opinion in all particulars except as to the modification of sentence.

The Magistrate fixed the sentence within legal limits with knowledge of the attending circumstances. As a part of his return in the *habeas corpus* proceeding he attached

his affidavit as to the reasons why he considered the sentence proper. These reasons involve the character of the defendant, various previous offenses, including prior habitual violation of the section prohibiting carrying concealed weapons. As a part of that return he also included affidavits of a rural policeman that defendant "has given deponent more trouble in the matter of the prohibition law, gambling, violation of the Sunday law, and general lawless behavior, than any other citizen with whom he has ever had to deal," and an affidavit from a policeman as to bad character and an admission by defendant as to habitual carrying of concealed weapons; also, a paper signed by about 50 citizens of the community stating the bad reputation of defendant for lawlessness.

In his return on this appeal all these matters were expressly included and sent up as a part of the record as well as affidavits for the defendant. The pertinent part of the order appealed from is as follows:

"It is immemorial custom for Courts to take into consideration the fact that a man who is charged with a crime pleads guilty, and not in such cases to impose the maximum penalty, and there does not appear in the charge or in the plea in this case any special reason why the Magistrate should have deviated such custom in this particular case. I am, therefore, of the opinion that the sentence as imposed was unduly harsh and severe; as there was a plea of guilty, and no testimony taken and signed by witnesses, no testimony was before me and I heard none of the facts of the case. Papers used at other hearings were not considered by me. My decision is upon the appeal."

From the above it will be seen that Judge Memminger not only refused to consider the record thus submitted, but also expressly stated that he knew nothing of the facts. A blind presumption that the Magistrate erred is not an exercise of discretion. It is not necessary to my position

to contend that the refusal to consider these affidavits was error of law.

I think that a Judge cannot modify as an act of discretion unless he knows, or is presumed to know, the facts. In this case there is no knowledge, and the presumption is expressly negatived, therefore, I think his order should not be upheld as an exercise of discretion.