E. L. WINDHAM, Appellant, v. F. Delano SANDERS, Sr. and Lella Fay B. Sanders, Respondents.

(337 S. E. (2d) 205)

Supreme Court

## ORDER

Aug. 14, 1985.

This is a direct appeal from a master-in-equity's order in a case referred to him for final judgment. The transcript of record does not indicate that a direct appeal was authorized by order of the circuit court or by written consent of the parties at the time the order of reference was entered. *See* S. C. Code Ann. § 14-11-90 (Supp. 1984); *Precision Power Co., Inc. v. Adams*, 283 S. C. 553, 325 S. E. (2d) 59 (1983); *Long v.*

*Ehni,* 283 S. C. 554, 325 S. E. (2d) 319 (1983); *Glass v. Glass,* 278 S. C. 527, 299 S. E. (2d) 693 (1983).

The appellate record must affirmatively show the proper taking of all necessary steps and the existence of all the facts necessary to confer jurisdiction on the appellate court. 4A C.J.S. *Appeal and Error* § 681 (1957). In a direct appeal of a referred case, the transcript of record must show the appeal is authorized by order of the circuit court or by consent of the parties.

In this case, appellant will be given the opportunity to show that a direct appeal is authorized. In subsequent appeals, the transcript of record must affirmatively show such authorization. Authorization of a direct appeal to this Court must be shown by including the following language in the order of reference, or in the written consent of the parties: "An appeal from the final judgment entered by the master-in-equity shall be made directly to the Supreme Court."

It is therefore ordered that appellant shall, within ten (10) days of the date of this order, file a return with the Court explaining why this appeal should not be dismissed for lack of jurisdiction. Appellant shall serve a copy of the return on respondent's counsel.

It is so ordered.

FINNEY, J., not participating.