The MURRAY PROPERTIES PARTNERSHIP OF DALLAS, Appellant v. L. P. COX COMPANY, Respondent. L. P. COX COMPANY, Respondent, v. PLANTATION OAKS INVESTORS, LTD., a Texas Limited Partnership, and Murray Properties Investors XXIII, Inc., and Crozier Dallas Associates, Ltd., as General Partners, The Murray Properties Partnership of Dallas, and Interfirst Bank Dallas, N. A., Defendants, of whom Murray Properties Partnership of Dallas is Appellant.

(359 S. E. (2d) 279)

Supreme Court

July 30, 1987.

ORDER

The order of reference in this case referred the matter to the master-in-equity with directions to enter a final judgment. It did not specifically provide for a direct appeal to this Court, nor did the parties consent in writing to a direct appeal. After the master issued his order, appellant appealed to this Court while also giving notice of intent to appeal to the circuit court. Appellant now moves this Court for clarification of the proper forum for review.

Under S. C. Code Ann. § 14-11-90 (Supp. 1986), final judgments entered by a master must be appealed to the circuit court unless otherwise directed by the circuit court or by

consent of the parties. In *Windham v. Sanders*, 287 S. C. 170, 337 S. E. (2d) 205 (1985), we held a direct appeal to this Court must be authorized by specific language in the order of reference or the written consent.

Appellant contends *Windham* conflicts with the last sentence of Rule 53(e)(2), SCRCP, which states:

> In actions where judgment is entered on the master's report, the provisions of Rules 50, 52, 59, and 60 shall apply as in actions tried by the court without a jury; and right of appeal from the judgment shall lie as from a judgment of the court.

Appellant reads this sentence to eliminate the need for a specific authorization for direct appeal to this Court when the master enters the final judgment. We disagree with appellant's construction of the sentence.

The first clause of the sentence allows the same post-trial motions to be made when the master enters the final judgment as can be made to the court in non-jury actions. The second clause provides that when these motions are made the "right of appeal from the judgment shall lie as from a judgment of the court." This refers to when the time for appeal begins to run, not to which court an appeal is to be taken.[1]

The parties did not consent in writing to a direct appeal to this Court, nor was a direct appeal provided in the order of reference. Under § 14-11-90, the circuit court is the appropriate forum to review the master's order.

Accordingly, this matter is remanded to the circuit court for consideration of appellant's exceptions. The appeal is dismissed without prejudice. No costs under Supreme Court Rule 38 shall be assessed against either party.

It is so ordered.

---

[1] The time for appeal generally runs from the date of disposition of the post-trial motions. *See Otten v. Otten*, 287 S. C. 166, 337 S. E. (2d) 207 (1985).