570 S.E.2d 559

The STATE, Respondent,

v.

Bonnie Nelson BROWN, Appellant.

No. 3549.

Court of Appeals of South Carolina.

Heard June 17, 2002.

Decided Sept. 9, 2002.

Rehearing Denied Oct. 17, 2002.

Assistant Appellate Defender Tara S. Taggart, of the South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, all of Columbia; and Solicitor W. Townes Jones, IV, of Greenwood, for respondent.

ANDERSON, J.

Bonnie Nelson Brown appeals his convictions for two traffic-related offenses in the Abbeville County Magistrate's Court. We vacate the convictions.

## FACTS/PROCEDURAL BACKGROUND

A state trooper cited Brown for operating an uninsured vehicle and failure to register his vehicle during a traffic stop in Greenwood County. Brown elected to contest the charges and exercised his right to a trial in the Greenwood County Magistrate's Court.

The matter was called for trial before Joe C. Cantrell, chief magistrate of Greenwood County; however, Brown requested a change of venue so that a different Greenwood County magistrate would hear the case. Magistrate Cantrell granted Brown's request and reassigned the case to Magistrate Bart S. McGuire.

In a jury trial, Brown was convicted of both charges; however, Magistrate McGuire ordered a new trial due to irregularities in the jury selection process. Magistrate McGuire subsequently recused himself from any further proceedings.

The case was then assigned to the Magistrate Lasonia C. Williams. Brown was tried by a jury, which returned guilty verdicts.

Asserting nine exceptions, Brown appealed his convictions to the Circuit Court. Circuit Judge James W. Johnson, Jr. heard Brown's appeal. Concluding Magistrate Williams had erred in refusing to give a charge requested by Brown, the circuit judge reversed Brown's convictions and remanded the case "to the lower court for a new trial."

On remand, the chief magistrate of Greenwood County arranged to have the matter transferred to Abbeville County for disposition. Brown did not initially contest this transfer.

At the pre-trial stage, Brown moved for separate trials on each charge, which the presiding Abbeville County magistrate, G. Thomas Ferguson, denied. Brown appealed the magistrate's decision to the Circuit Court. Circuit Judge J. Ernest Kinard, Jr., affirmed the magistrate's decision. Brown was subsequently tried by a jury, which found Brown guilty of both offenses.

Brown appealed his convictions to the Circuit Court. On appeal, Brown argued the magistrate erred by refusing to grant separate trials on each charge and denying his motions

for directed verdict and JNOV. Brown additionally contended subject matter jurisdiction was lacking in Abbeville County. Circuit Judge Johnson affirmed the verdict in a Form 4 order. Regarding the issue of subject matter jurisdiction, the judge wrote:

> Venue was proper in Abbeville County since Defendant had previously requested a change of venue in Greenwood. Greenwood County has only one magistrate district. The only place to change venue was an adjoining county.

Brown appeals.

## ISSUES

I. Whether Brown's appeal of the verdict following his trial before Judge Williams was timely?

II. Whether county-to-county transfers of Magistrate's Court cases are legally permissible?

## LAW/ANALYSIS

### I. Subject Matter Jurisdiction and Appealability

Subject matter jurisdiction is the power of a court to hear and determine cases of a general class to which the proceedings in question belong. *City of Camden v. Brassell,* 326 S.C. 556, 486 S.E.2d 492 (Ct.App.1997). The failure of a party to timely serve its notice of appeal will divest the reviewing tribunal of subject matter jurisdiction, thus resulting in dismissal of the appeal. *See First Carolina Nat'l Bank v. A & S Enters., Inc.,* 272 S.C. 339, 251 S.E.2d 762 (1979) (holding appellants' failure to serve their notice of appeal of the Circuit Court's judgment within the statutory period necessitated dismissal of their appeal for want of jurisdiction); *Burnett v. South Carolina State Highway Dep't,* 252 S.C. 568, 167 S.E.2d 571 (1969) (stating that without a timely notice of appeal, the reviewing court has no jurisdiction); *Canal Ins. Co. v. Caldwell,* 338 S.C. 1, 524 S.E.2d 416 (Ct.App.1999) (Court of Appeals ruled it was without subject matter jurisdiction to consider appeal because appellant failed to serve his notice of appeal within thirty days after receiving written notice of the entry of a final order or judgment). The lack of subject matter jurisdiction can be raised at any time, can be

raised for the first time on appeal, and can be raised *sua sponte* by the court. *Badeaux v. Davis,* 337 S.C. 195, 522 S.E.2d 835 (Ct.App.1999); *Lake v. Reeder Const. Co.,* 330 S.C. 242, 498 S.E.2d 650 (Ct.App.1998); *see also State v. Ervin,* 333 S.C. 351, 510 S.E.2d 220 (Ct.App.1998) (holding issues related to subject matter jurisdiction may be raised at any time).

## II. Timeliness of Appeal to Circuit Court Following Brown's Convictions in Greenwood County

As a general rule, a criminal defendant convicted in the Magistrate's Court must serve his or her notice of appeal on the magistrate who presided at trial within ten days of the verdict. S.C.Code Ann. § 18–3–30 (1985). The time for appeal, however, is extended to thirty days following the magistrate's grant or denial of a motion for new trial. S.C.Code Ann. § 22–3–1000 (Supp.2001);[1] *see also State v. Sullivan,* 310 S.C. 311, 426 S.E.2d 766 (1993) (applying § 22–3–1000 in examination of whether party's appeal from decision in the Magistrate's Court was timely).

Following the grant of the new trial motion by Magistrate McGuire, Brown was again tried and convicted in the Greenwood County Magistrate's Court. The date of these convictions was July 16, 1997. Brown appealed. Brown's notice of appeal, which was included in the record initially submitted to the Court of Appeals, was received by Magistrate Williams, on August 6, 1997—twenty-one days after judgment had been rendered. The initial record on appeal was devoid of any mention of a motion for new trial. Facially, Brown appeared to have served his notice of appeal out of time.

At oral argument, the Court raised the issue of the timeliness of Brown's appeal to the Circuit Court. The responses by counsel did not resolve the issue. The Court gave both parties ten days to file supplemental affidavits regarding the issue of whether Brown moved for a new trial after the jury verdict. Within the affixed time, counsel for Brown filed

---

1. Brown's convictions were in 1997. At that time, the deadline to serve an appeal was twenty-five days after the magistrate's grant or denial of a motion for new trial. S.C.Code Ann. § 22–3–1000 (Supp.1996). The General Assembly extended this period to thirty days in 1999. *See* Annotation, S.C.Code Ann. § 22–3–1000 (Supp.2001).

two affidavits—one from Brown and another from Daniel A. Richardson, a third party in attendance at the trial proceedings. Both affidavits contained averments Brown had made an oral motion for new trial immediately following the jury verdict, which Judge Williams instantly denied.

The State submitted no affidavits or any other materials disputing the truth of Brown's and Richardson's asseverations. The State did, however, file a "Motion Objecting to Consideration of Affidavits." Within this motion, the State asserts the Court of Appeals is prohibited from considering the affidavits supplied by Brown. The State supports its argument with citation to § 18–3–70 and State v. Richardson, 98 S.C. 147, 82 S.E. 353 (1914).

Section 18–3–70 pertains to the scope of a circuit judge's review of an appeal from the Magistrate's Court. The State apparently asserts the Court of Appeals is bound in the same fashion. The section states:

The appeal [from the Magistrate's Court] must be heard by the Court of Common Pleas upon the grounds of exceptions made and upon the papers required under [Chapter 3 of Title 18], without the examination of witnesses in that court. And the court may either confirm the sentence appealed from, reverse or modify it or grant a new trial, as to the court may seem meet and conformable to law.

In Richardson, the defendant was convicted in the Magistrate's Court of trespassing. The defendant sought review of his convictions by the Circuit Court, but the appeal was dismissed. The defendant then appealed to the Supreme Court. At issue was, inter alia, whether the circuit judge erred by refusing to consider several affidavits submitted by the defendant from persons in attendance at the Magistrate's Court trial who disputed the magistrate's recollection of the testimony given by a key State's witness, as memorialized in his report to the Circuit Court. Relying upon the statutory predecessor to § 18–3–70, the Supreme Court held the circuit judge did not err by refusing to consider the affidavits, stating "the affidavits constituted no part of the proceedings upon which the appeal was to be heard, and that there was no error on the part of the presiding judge in refusing to consider them." Id. at 151, 82 S.E. at 353.

The State's argument fails on three grounds. First, justice dictates that the resolution of issues pertaining to subject matter jurisdiction be a paramount concern for our courts. In the instant case, the materials and information found within the record on appeal and the briefs initially submitted by the parties did not provide this Court with a definitive answer regarding whether Brown had timely appealed his Magistrate's Court conviction to the Circuit Court. Granting the parties the right to file affidavits following oral argument was a measure necessary to settling the question. The Court of Appeals' action was proper and within its purview. *See Windham v. Sanders,* 287 S.C. 170, 337 S.E.2d 205 (1985) (applying former rules governing appeals from a master-in-equity, the Supreme Court permitted appellant to supplement record on appeal following its submission with documentation demonstrating that direct appeal from the master was authorized by order of the Circuit Court or by consent of parties for the purpose of conclusively establishing whether subject matter jurisdiction in the appellate court existed); *cf. Gray v. The Club Group,* 339 S.C. 173, 528 S.E.2d 435 (Ct.App.2000), *cert. denied* (stating in a Workers' Compensation case, subject matter jurisdiction is a question of law, which in turn permits the court to make findings of fact relating to jurisdiction).

Second, issues concerning the existence of subject matter jurisdiction may be raised at any time and by any party or the court. Therefore, whether the issue had been briefed is immaterial. In other words, matters regarding subject matter jurisdiction are an exception to the rule found in § 18–3–70.

Third, an obvious distinction exists between the scenario in *Richardson* and the one found in the instant case. In *Richardson,* the affidavits were in an unsolicited response by the defendant amounting to an attack of the magistrate's summary of a witness' testimony. In the case *sub judice,* the affidavits were submitted pursuant to the Court's invitation and were necessary for the crucial determination of whether subject matter jurisdiction existed. The affidavits submitted by Brown are therefore deemed a part of the record.

The affidavits provided by Brown demonstrate the following: Brown made an oral motion for new trial following his convictions; Judge Williams immediately denied this motion

from the bench; and the date of the magistrate's denial was July 16, 1997. Accordingly, the deadline for service of Brown's notice of appeal was twenty-five days thereafter, as provided by the 1997 version of § 18–3–70. Judge Williams received Brown's notice twenty-one days later. Factually and legally, Brown's notice of appeal was timely served upon Judge Williams.

### III. Parameters of Subject Matter Jurisdiction— Magistrate's Court—County–to–County Transfers

■ As a rule, a criminal case brought in the Magistrate's Court must be prosecuted in the county where the charged offense occurred. This principle is firmly established within our law.

### A. The State Constitution

The Magistrate's Court is a component of the Article V unified judicial system. *See* S.C. Const. art. V, § 1. Under Article V, the General Assembly was conferred with the responsibility of establishing the legal and geographic bounds of a magistrate's jurisdiction. Article V, § 26 of the State Constitution states:

> The Governor, by and with the advice and consent of the Senate, shall appoint a number of magistrates for each county as provided by law. The General Assembly shall provide for their terms of office and their civil and criminal jurisdiction. The terms of office must be uniform throughout the State.

### B. 1976 Code of Laws

Pursuant to the authority granted it by the State Constitution, the General Assembly has promulgated numerous statutes pertaining to a magistrate's geographic or territorial jurisdiction.

As an initial matter, the bounds of a magistrate's geographic or territorial jurisdiction authority have been clearly defined. Section § 22–3–520, which is entitled, "Jurisdiction limited to county," declares:

Magistrates shall have and exercise within their respective counties all the powers, authority and jurisdiction in criminal cases herein set forth.

*See State ex rel McLeod v. Crowe,* 272 S.C. 41, 249 S.E.2d 772 (1978) and *State v. Black,* 319 S.C. 515, 462 S.E.2d 311 (Ct.App.1995) (analyzing the language and meaning of Article V and confirming magistrates possess countywide jurisdiction).

Additionally, the legislature has enacted §§ 22–2–170 and 22–3–920, which define the proper venue for criminal proceedings in the Magistrate's Court. In counties that have been divided into jury areas, criminal matters must be prosecuted in the area where the offense was committed. In all other counties, a criminal case may be brought anywhere within the county. As a rule, a defendant may move for a change of venue. Therefore, a magistrate located in an area of the county different from where the offense occurred can be assigned to hear the case. No provision exists within these statutes, however, that permits the transfer of the case to another county.

Section 22–2–170 states:

*Magistrates shall have jurisdiction throughout the county in which they are appointed. Criminal cases shall be tried in the Jury Area where the offense was committed, subject to a change of venue, pursuant to the provisions of § 22–3–920 of the 1976 Code;* provided, however, that the chief magistrate for administration of the county, upon approval of the county governing body, may provide for the selection of magistrates' jurors countywide upon the affirmative waiver by the defendant of his right to be tried in the jury area where the offense was committed.

(emphasis added).

Section 22–3–920 reads:

Whenever in a case in the court of a magistrate (a) either party in a civil case, after giving to the adverse party two days' notice that he intends to apply for a change of venue or (b) the prosecutor or accused in a criminal case shall file with the magistrate issuing the warrant or summons an affidavit to the effect that he does not believe he can obtain a fair trial before the magistrate and setting forth the

grounds of such belief, the papers shall be turned over to *the nearest magistrate not disqualified from hearing the cause in the county,* who shall proceed to try the case as if he had issued the warrant or summons. But in counties in which magistrates have separate and exclusive territorial jurisdiction the change of venue shall be to another magistrate's district in the same county. One such transfer only shall be allowed each party in any case.

(emphasis added).

## C. Case Law

Though precedent regarding the propriety of county-to county transfers of Magistrate's Court cases is sparse, our courts have ruled in several cases that a suit prosecuted before a magistrate who does not possess the necessary geographic or territorial jurisdiction is invalid.

In *Dill v. Durham,* 56 S.C. 423, 35 S.E. 3 (1900), the Circuit Court reversed civil judgment entered in the Magistrate's Court. At the Circuit Court hearing, the defendant, a resident of Spartanburg County, disputed the validity of the trial proceedings, which were held in Greenville County by a resident magistrate. At the time, the then-Article V, § 23 of the State Constitution mandated that "[e]very civil action cognizable by magistrates shall be brought by a magistrate in the county where the defendant resides." On appeal, the Circuit Court concluded the Greenville County magistrate had no jurisdiction to try the case and reversed the magistrate's decision. The Supreme Court, quoting Article V, § 23, concurred and upheld the reversal.

Additionally, in *Turner v. Harris,* 104 S.C. 134, 88 S.E. 379 (1916), the plaintiff instituted a civil action in the Magistrate's Court in his county of residence against an individual living in another county. On appeal, Circuit Court remanded the case. At issue before the Supreme Court was whether the remand was proper. The Court concluded remand was unquestionably necessary because "[t]he Code does not give a magistrate power to change the place of trial from one county to another; and he has no such power without it is given by statute." *Id.* at 135, 88 S.E. at 380. Further, "[w]hen the circuit court found the magistrate had no jurisdiction of the defendant, the circuit court ought to have directly dismissed the case, or at least directed the magistrate to do so." *Id.*

### D. Other Authority

Though not binding, opinions generated by the Attorney General's Office constitute secondary authority that many people consult when researching a particular area of law. We note with interest that the Attorney General issued an opinion in 1963 addressing the issue of proper venue in the Magistrate's Court. *See* Op. Att'y Gen. June 27, 1963. Applying the statutory predecessor of § 22–3–920, the Attorney General informed an inquiring Chesterfield County magistrate that the magistrate was permitted to change the venue of a case to the "nearest magistrate not disqualified from hearing the cause in the county . . . ."; however, the Attorney General cautioned, *"[y]our jurisdiction is necessarily limited to cases arising in Chesterfield County, and you do not have authority to transfer a case to a magistrate in another county." Id.* (emphasis added).

### E. Application of Law to the Facts of the Instant Case

Subject matter jurisdiction is the power of a tribunal to hear and determine a specific class of cases. Our statutes clearly identify the class of criminal cases magistrates are permitted to hear. Those cases are: (a) offenses falling within the aegis and ambit of §§ 22–3–540 to –580 that were; (b) *committed in the magistrates' respective counties of appointment.* Therefore, a magistrate lacks the requisite subject matter jurisdiction to preside over a criminal case emanating from a county other than the one of his appointment.

In the case at bar, the offenses charged were appropriate matters for disposition by the Magistrate's Court. The situs of the offenses was Greenwood County. Apodictically, the Greenwood County Magistrate's Court was the tribunal with exclusive jurisdiction over the case. No magistrate located in any other county had the authority to hear the matter. Therefore, the transfer of the case to Abbeville County after remand from the Circuit Court was erroneous. Because subject matter jurisdiction was lacking, Brown's subsequent prosecution in that county was improper. Concomitantly, Brown's convictions must be vacated.

### CONCLUSION

We hold that a criminal action must be brought before a magistrate with jurisdiction in the county where the alleged

offense occurred. A magistrate appointed to serve in a county other than the county of occurrence does not have such jurisdiction. Accordingly, Brown's convictions in Abbeville County for offenses occurring within Greenwood County are

**VACATED.**[2]

GOOLSBY, J., concurs.

CONNOR, J., dissents in a separate opinion.

CONNOR, J.: (Dissenting).

Because I believe this Court is without subject matter jurisdiction over Brown's appeal, I respectfully dissent. I would not have reached the issue of whether county-to-county transfers of magistrate court cases are legally permissible.

A magistrate's court jury found Brown guilty on July 16, 1997. The magistrate did not receive Brown's notice of appeal until August 6, 1997. It was necessary for Brown to serve notice of appeal upon the magistrate who tried the case within ten days of the verdict. S.C.Code Ann. § 18–3–30 (1985). This time limitation would have been extended to thirty days if Brown moved for a new trial. S.C.Code Ann. § 22–3–1000 (Supp.2001).

The record on appeal affirmatively demonstrates Brown did not make a motion for a new trial. The record does not include a written motion and the magistrate's answer to Brown's appeal stated the "Court never received such motion from the Defendant."[1] Nevertheless, during oral argument, we granted Brown ten days to provide us with a copy of Brown's new trial motion.[2] Brown instead supplied us with affidavits attesting he made an oral new trial motion immediately following the jury verdict.

---

2. Because the issue of whether subject matter jurisdiction existed in the Abbeville County Magistrate's Court was dispositive, we need not address Brown's additional issues on appeal.

1. I interpret this statement from the magistrate as meaning she received neither a written nor an oral new trial motion from Brown.

2. Contrary to the majority's assertion, we did not request affidavits attesting to the new trial motion; we specifically offered to "delay any

An appeal from magistrate's court must be heard "upon the grounds of exceptions made and upon the papers required under this chapter, without the examination of witnesses ...." S.C.Code Ann. § 18–3–70 (Supp.2001). The appeal is not *de novo*. The appellate court is limited in its review to the "papers" filed with the clerk of court by the magistrate, exclusively "the record, a statement of all the proceedings in the case and the testimony taken at the trial ...." S.C.Code Ann. § 18–3–40 (Supp.2001).

We allowed Brown to submit a copy of any motion he made for a new trial. Therefore, we asked for something which should have been included in the record transmitted from the magistrate to the circuit court. The affidavits considered by the majority did not form any part of the record and therefore cannot now be made part of the record for our review. Post-verdict "affidavits constituted no part of the proceedings upon which the appeal was to be heard" and should not now be considered by this Court. *State v. Richardson,* 98 S.C. 147, 82 S.E. 353 (1914); *see also State v. Funderburk,* 130 S.C. 352, 126 S.E. 140 (1925) (stating the appellate court had no right to consider statements extraneous to the magistrate's record).

---

further action on this until you've had an opportunity to further supplement the record and provide us with a copy of the motion for a new trial" and gave Brown "another ten days within which to provide this Court with a copy of the motion for a new trial that he filed."