17863

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT and The City of Greenville, Appellants, v. L. E. SPANN, Respondent

(123 S. E. (2d) 648)

438

*Messrs. Daniel R. McLeod, Attorney General,* and *Grady L. Patterson, Jr., Assistant Attorney General,* of Columbia, *for Appellant, South Carolina State Highway Department,* and *W. H. Arnold,* of Greenville, *for Appellant, The City of Greenville,*

*P. Bradley Morrah, Jr., Esq.,* of Greenville, *for Respondent,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Grady L. Patterson, Jr., Assistant Attorney General,* of Columbia, *for Appellant, South Carolina State Highway Department,* and *W. H. Arnold,* of Greenville, *for Appellant, The City of Greenville, in Reply,*

January 16, 1962.

TAYLOR, Chief Justice.

This appeal is from an Order of the Honorable William L. Rhodes, Jr., granting Respondent ten days from the date of the said Order in which to serve upon Appellant written notice and grounds of appeal from a resolution of the Board of Condemnation concerning Respondent's interest as lessee

sought to be condemned for highway purposes by the South Carolina State Highway Department and the City of Greenville.

At the time of hearing, Respondent operated a small grocery store under a written lease in the City of Greenville, South Carolina. Notice of condemnation was issued by the South Carolina State Highway Department relating to such premises and was served upon Respondent on July 5, 1960. On July 20, 1960, hearing was held pursuant thereto in the Greenville City Hall, said hearing being attended by petitioner, as lessee, and his attorney. On September 8, 1960, a resolution by the Board of Condemnation was served on Respondent and the landowner setting forth an award of $15,720.00 "for all damages, with all buildings and improvements to become the property of the South Carolina State Highway Department." On October 19, 1960, Respondent served notice upon the South Carolina State Highway Department of his intention to appeal the award as set forth in the resolution of the Board of Condemnation. The Highway Department refused to accept service of such notice upon the grounds that more than twenty days had elapsed since receipt of the resolution as provided in Section 33-139, Code of Laws of South Carolina, 1952, as amended. On January 13, 1961, Respondent served on the South Carolina State Highway Department petition and rule to show cause why Respondent should not be granted a reasonable time in which to file a formal appeal from the resolution of the Board of Condemnation, dated July 20, 1960, or show cause why the South Carolina State Highway Department should not be required to pay over such sum set forth in the resolution. The South Carolina State Highway Department made its return to said rule setting forth the facts as heretofore stated and asking that said rule be dismissed upon the grounds that Section 33-139 of the Code, as amended, provides that "Notice and grounds of appeal should be served by mail or otherwise upon the State Highway Department within twenty days after receipt of the resolution of

the condemnation board" and that more than twenty days had elapsed after receipt of the resolution of the Condemnation Board. The notice of condemnation appears as follows:

"THE STATE OF SOUTH CAROLINA

"County of Greenville

"Route No. 276

"To: L. E. Spann, Lessee
    403 Overbrook Rd.
    Greenville, S. C.
    Sara Davis Spann (owner) has ex-
        ecuted right-of-way easement.

"PLEASE TAKE NOTICE,

"That the South Carolina State Highway Department and City of Greenville, S. C., requires a right-of-way for a public highway including rights of access, as may be needed for controlled-access facilities, through and across lands in which the above-named person, firm or corporation claims title or some interest. Said lands being located in the County and State aforesaid as shown by plans of the State Highway Department for the construction of a section of U. S. Route No. 276 between the town of North Brown Street and Carolina Ave. in City of Greenville, S. C., known as Docket No. 23.450.

"All that parcel or strip of land coming within 44 feet of the centerline of the survey, on the left, between approximate survey stations 21+17 and 21+99; being bounded on north by other lands of Sara Davis Spann, on south by East North Street, on west by McGee St. and on east by lands of J. Wade McAlister.

'Also condemned is right-of-way for cut or fill slopes, between approximate survey stations 21+59 and 21+99, to extend three feet beyond the 44 ft. right-of-way.

"All right-of-way herein condemned is more particularly shown on Sheet No. 27 of plans for Docket 23.450.

"The above described property will be condemned and a right-of-way established by the State Highway Department, and City of Greenville, S. C.

"YOU WILL TAKE FURTHER NOTICE, That a public hearing will be held at 9:00 (A. M.) on the 20th day of July, 1960, at City Hall, Council Room in the town of Greenville, S. C. to ascertain the amount of damage in excess of benefits as a result of using said lands for the proposed highway improvement."

Respondent acknowledged receipt of this notice and proceeded to employ counsel and attend the hearing with a view of protecting his interest as lessee in the property.

The resolution filed by the Board of Condemnation appears as follows:

"THE STATE OF SOUTH CAROLINA
"County of Greenville, S. C.,
"Route No. 276
"SOUTH CAROLINA STATE HIGHWAY DE-
    PARTMENT and CITY OF GREENVILLE, S. C.
"L. E. Spann—Lessee
403 Overbrook Rd.
Greenville, S. C.
"An Easement Has Been Executed by:
"Sara Davis Spann (Owner)
    "After due notice served upon the above named person, firm or corporation that a right-of-way would be condemned for the construction of Docket 23.450—Route 276 between Survey Stations 21+17 and 21+99 as shown on sheet No. 27 and compensation fixed and damages assessed therefor and after full hearing of all testimony and arguments and careful consideration of all questions involved.
    "Be it Resolved by this Board of Condemnation that after taking into consideration the benefits accruing to the landowner by the construction or improvement of the highway the value of the lands being taken together with any special damages occasioned by the construction or improvement of the highway and deducting the total value of the benefits from the total value of the damages in accordance with the statutes the members of this Board find that the benefits exceed the

damages and we therefore make an award of Two Thousand Six Hundred Eighty-Three and 98/100 ($2,683.98) for approximately 1147 sq. ft. of land within the right-of-way, One Thousand Seven Hundred Seventy-Six and 02/100 Dollars ($1,776.02) for special damage and Eleven Thousand Two Hundred Sixty and No/100 Dollars ($11,260-.00) for all buildings and improvements, making a total of Fifteen Thousand Seven Hundred Twenty and No./100 Dollars ($15,720.00) for all damages, with all buildings and improvements to become the property of the South Carolina State Highway Department.

"Signed by the Board of Condemnation at Greenville, S. C., this 20th day of July, 1960."

An affidavit of service by James H. Webber is attached thereto.

The lessee now contends that the award of the Board of Condemnation did not constitute notice to him in that it is ambiguous and misleading.

The statute requiring that notice of appeal shall be served by mail or otherwise upon the State Highway Department within twenty days after receipt of the resolution of the Condemnation Board contemplates a written notice of appeal, Sections 10-465, 33-138, and Section 33-139, as amended, Code of Laws of South Carolina, 1952; *South Carolina State Highway Department v. Wessinger*, 235 S. C. 239, 111 S. E. (2d) 13.

The notice of condemnation served upon Respondent on July 5, 1960, was directed to "L. E. Spann, Lessee, 403 Overbrook Rd., Greenville, S. C., Sara Davis Spann (owner) has executed right-of-way easement." As a result of this notice, Respondent employed counsel and attended the hearing. Thereafter, the resolution of the Board of Condemnation served upon Respondent was directed to "L. E. Spann—Lessee, 403 Overbrook Rd., Greenville, S. C., An Easement Has Been Executed by: Sara Davis Spann (Owner)."

Respondent raises no question as to the sufficiency of the notice of condemnation but contends that the resolution of the Board of Condemnation was no notice because of ambiguity. The lessee was a proper party to the proceedings, *South Carolina State Highway Department v. Hammond,* 238 S. C. 317, 120 S. E. (2d) 21; *Woodstock Hardwood & Spool Mfg. Co. v. Charleston Light & Water Co.,* 84 S. C. 306, 66 S. E. 194. The headings of the notice of condemnation and the resolution of the Board of Condemnation are so similarly worded, it is difficult to see how one could be accepted as notice and the other refused. If the body of the resolution appeared ambiguous or misleading, his remedy was by way of appeal as provided by the statute governing the particular proceeding and no conditions can be imposed except those prescribed by the statute, 30 C. J. S., Eminent Domain, § 343, p. 20.

"The trial court has no inherent power to extend the time for taking an appeal or error proceeding, either directly or indirectly. Thus, where an appeal has not been taken within the required time, the court has no power indirectly to extend the time for appealing by vacating, for such purpose, the judgment, order, or decree, and entering it as of a later date, by a repetition or renewal of an order or judgment, a *nunc pro tunc* order, an amendment of judgment, notice of appeal, or assignment of errors, a resettle order, a writ of error, or a motion for reargument. Nor can the period be shortened by any rule or practice of court.

"The power to extend the time to appeal may be conferred upon the trial court by statute." 3 Am. Jur., Appeal & Error, Sec. 418, p. 141.

"It appears to be a well settled rule that a trial court may not permit, in any indirect manner, an extension of time for taking an appeal, particularly after the time for taking it has already elapsed, so as to evade an express statutory requirement that the appeal must be taken within a certain time." 89 A. L. R. 941.

The statutory method provided by Section 33-121 *et seq.,* of the Code of Laws of South Carolina, 1952, for condemnation of land for highway purposes by the State Highway Department is exclusive and the trial Court has no authority to indirectly extend time for taking appeal in such cases.

We are of opinion that the Order appealed from should be reversed and the return to the rule to show cause be adjudged sufficient, and it is so ordered. Reversed.

OXNER, LEGGE, MOSS and LEWIS, JJ., concur.