18915

Betty Lewis BURNETT, Respondent, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant

(167 S. E. (2d) 571)

*Messrs. Daniel R. McLeod, Attorney General,* and *Ben T. DeBerry, Assistant Attorney General,* of Columbia, and *William M. Wilson,* of Camden, *for Appellant,* 

*Messrs. Frank E. Rector,* and *West, Holland & Furman,* of Camden, *for Respondent,* 

May 5, 1969.

LEWIS, Justice.

The question to be decided is whether the lower court had the authority to permit a landowner, against whom the State Highway Department had instituted condemnation proceedings, to file an appeal to the Court of Common Pleas from a decision of the Board of Condemnation after the statutory time limit for appeal had expired.

The statutes grant to the State Highway Department the authority to condemn lands for highway purposes and prescribe the procedure to be followed. Section 33-121 et seq., 1962 Code of Laws, as amended. The initial determination of the amount to be paid by the Department for lands so acquired is made by a Board of Condemnation which is required to make its finding by resolution. This resolution must then be served upon the landowner who has a right of appeal from such decision to the Court of Com-

mon Pleas. Section 33-139 provides that such "notice and grounds of appeal shall be served by mail or otherwise upon the Department within twenty days after receipt of the resolution of the condemnation board." This section contemplates a written notice of appeal. *South Carolina State Highway Department v. Wessinger,* 235 S. C. 239, 111 S. E. (2d) 13.

Proceedings were instituted in this case for the acquisition of property of the landowner and, after a hearing, a resolution of the Board of Condemnation was duly served upon him, setting forth the amount awarded as compensation. The landowner did not serve a written notice and grounds of appeal from the decision of the Board within twenty days after the receipt of the resolution, as required by Section 33-139, supra, but attempted to do so after the statutory time limit had elapsed. He claimed the right to file a late appeal because of alleged excusable neglect. The lower court held that excusable neglect had been shown and permitted the appeal to be filed.

The effect of the order of the lower court was to extend the time for taking an appeal from a decision of the Board of Condemnation. The court exceeded its authority in so doing. *South Carolina State Highway Department. v. Spann,* 239 S. C. 437, 123 S. E. (2d) 648. The controlling principle was thus stated in that case.

"The statutory method provided by Seltion 33-121 *et seq.,* of the Code of Laws of South Carolina, 1952 [1962], for condemnation of land for highway purposes by the State Highway Department is exclusive and the trial Court has no authority to indirectly extend time for taking appeal in such cases."

The landowner contends however that he is entitled to relief under Section 10-1213 which provides: "The court may, in its descretion * * * relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

The foregoing section provides the method by which a judgment, order or other proceeding may be set aside and is inapplicable to motions for relief from a failure to timely file an appeal under Section 33-139, *supra*. A motion to be relieved from a failure to timely appeal is not one to set aside a judgment, order or proceeding but is, in effect, an application to extend the time for appeal so as to give the court jurisdiction; for, without a timely notice of appeal, the court would have no jurisdiction. Such a motion is not addressed to the discretion of the court.

The order of the lower court is accordingly reversed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.