## 20126

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Respondent, v. Ruby Dewitt KEMMERLIN, Appellant.

(220 S. E. (2d) 652)

*Messrs. Jackson & Bell,* of Florence, *for Appellant,* cite:

*Messrs. Daniel R. McLeod, Atty. Gen., Victor S. Evans, Dep. Atty. Gen.,* and *Wade S. Kolb, Jr., Asst. Atty. Gen.,* of Columbia, and *Willcox, Hardee, Palmer, O'Farrell, McLeod & Buyck,* of Florence, *for Respondent,* cite:

December 9, 1975.

LEWIS, Chief Justice:

The question to be decided is whether appellant, a landowner, whose property was condemned by respondent, South Carolina State Highway Department, for highway purposes, timely filed notice of appeal from the award of the Board of Condemnation in accordance with Code Section 33-139, which provides:

"Any person interested, including the Department, may appeal to the court of common pleas from a decision of the board. Notice and grounds of appeal shall be served by mail or otherwise upon the Department within twenty (20) days after the receipt of the resolution of the condemnation board."

Appellant's property was condemned by respondent and an award made by the Board of Condemnation in the amount of $35,000.00. A Resolution of the Board, together with a check in the amount of the award, was sent to appellant by

certified mail on July 29, 1974. Appellant did not personally receive the certified mail until September 18, 1974, although it was delivered to her residence and receipted for by her niece on August 14, 1974.

A formal notice of appeal was not filed until October 9, 1974. Subsequently, a motion of respondent to dismiss the appeal was granted because it was not filed within twenty (20) days after receipt by appellant of the Resolution of the Board of Condemnation, as required by Section 33-139. This appeal is from the order of the lower court dismissing the appeal.

Respondent contends that the Resolution of the Board of Condemnation was received by appellant, within the meaning of Section 33-139, when her niece receipted for it on August 14th. Appellant, however, contends that the Resolution was not received by her until it actually came to her attention on September 18th. Since the lower court concluded that notice of appeal was not served until October 9th, it was unnecessary to determine whether the Resolution was received by appellant on August 14th or September 18th, since in either event service did not come "within twenty (20) days after the receipt of the Resolution," as required by the statute. For the same reasons we find it unnecessary to resolve the respective contentions as to when the Resolution was received by appellant within the meaning of the statute; but assume for the purposes of this appeal that appellant did not receive it until September 18th.

Since appellant concedes that she received the Resolution of the Board of Condemnation on September 18th and that a formal notice of appeal was not filed until October 9th, more than twenty (20) days thereafter, there is no contention that the formal notice of appeal was timely filed. Her contention here is that (1) a letter written by her attorney to respondent on October 3, 1974, within twenty days from September 18th, should be held to constitute a notice of appeal; but (2) if not, then she should be relieved of her

failure to timely file her appeal on the ground of excusable neglect, pursuant to Section 10-1213 of the 1962 Code of Laws.

The letter of October 3rd, relied upon as a notice of appeal, was written by appellant's attorney to respondent after the Resolution came to appellant's attention on September 18th. Pertinent here, this letter states:

"You can see it appears, that, through no fault of her own, Mrs. Kemmerlin was not informed of the Resolution of the Board until the statutory period for filing an appeal had expired. Mrs. Kemmerlin has informed us that she does not think that the amount given her for just compensation for her property by the Department is adequate and wishes the opportunity to negotiate with the Department further concerning this matter. In the event that negotiation is not productive inasfar as reaching an amicable settlement, she would then like the right to go ahead and pursue her appeal in the court. She has retained this law firm for this purpose."

Respondent replied to the foregoing letter on October 7th informing appellant of respondent's position that time for filing an appeal had already expired.

We find nothing in the foregoing letter to justify treating it as a notice of appeal. It states that the "statutory period for filing an appeal had expired," and that, in the event negotiation is not productive, "she would *like the right* to go ahead and pursue her appeal in the court." (Emphasis added).

Section 33-139 requires that a notice and grounds of appeal be served. The statute contemplates a clear and definite notice that an appeal is thereby taken from the award and findings of the Board of Condemnation. A notice which is indefinite, conditional, and ambiguous is insufficient.

The letter, instead of giving notice of appeal, conceded that time for appeal had expired. It stated no present intention to

appeal, but expressed a desire to be allowed to appeal, if negotiations failed. The letter was, at best, indefinite and conditional and was insufficient to constitute notice that an appeal was thereby taken from the award of the Board.

Appellant's alternative position, that she should be ■ relieved under Code Section 10-1213 of her failure to timely file an appeal because of excusable neglect, is without merit. We have held that Code Section 10-1213 is not applicable to motions for relief from a failure to timely file an appeal under Code Section 33-139, *supra. Burnett v. South Carolina State Highway Department*, 252 S. C. 568, 167 S. E. (2d) 571.

Judgment affirmed.

LITTLEJOHN and NESS, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.

RHODES, Associate Justice, not participating.