20253

MORRIS COMMUNICATIONS, INC., Appellant, v. The SOUTH
CAROLINA PUBLIC SERVICE COMMISSION and Asta, Inc.,
Respondents.

(226 S. E. (2d) 892)

*James W. Cothran, Jr., Esq.,* of Columbia, *for Appellant.*
*D. M. Winter, Jr.,* of Columbia, *for Respondent, ASTA,*
*Inc.*

*Messrs. Nathan Kaminski, Jr.,* and *Robert T. Bockman,*
*Asst. Attys. Gen.,* of Columbia, *for Respondent, South*
*Carolina Public Service Commission.*

*James W. Cothran, Jr., Esq.,* of Columbia, *for Appellant,*
*in Reply.*

July 9, 1976.

RHODES, Justice.

This is an appeal from the refusal of the lower court to set aside or vacate an order of the South Carolina Public Service Commission under S. C. Code § 58-471 (1962). We dismiss the appeal for lack of jurisdiction of the subject matter.

Appellant, Morris Communications, Inc., was an intervening party in a hearing before respondent Commission on an application of respondent ASTA, Inc. for a certificate of public convenience and necessity to operate a mobile telephone and paging service in Anderson County. Morris provided similar services in the same area. At the time the Commission exercised regulatory jurisdiction over such services under the general statutory provisions regulating telephone companies. [1] S. C. Code § 58-351 *et seq.* (1962). On January 25, 1974, after having held a hearing, the Commission issued an order granting a certificate to ASTA. A rehearing was ordered on motion of Morris and after the second hearing another order was issued by the Commission again granting ASTA a certificate. Morris was served with a copy of the Commission's final order on August 15, 1974, and summonses in the present action were served on the Commission and ASTA on September 4, 1974.

S. C. Code § 58-471 (1962) grants to a party dissatisfied with an order of the Commission the right to "commence an action in the court of common pleas for Richland County against the Commission and other interested parties as defendants to vacate or set aside" the order. However, any such action "must be commenced within thirty days from the date of service of notice of the order of the Commission." S. C. Code § 58-472 (1962).

---

[1] During the pendency of this appeal specific provisions for the regulation of the radio common carrier industry were enacted. S. C. Code § 58-1691 *et seq.* (Supp. 1962).

In *Burnett v. S. C. State Highway Dept.*, 252 S. C. 568, 167 S. E. (2d) 571 (1969), this Court held that absent a timely notice of appeal a court would have no jurisdiction to consider an appeal from a decision of the Board of Condemnation under S. C. Code § 33-139 (1962). That section provides:

"Any person interested, including the Department, may appeal to the court of common pleas from a decision of the board. Notice and grounds of appeal shall be served by mail or otherwise upon the Department within twenty days after the receipt of the resolution of the condemnation board."

In the present case, summonses were not served on either the Commission or ASTA within thirty days after Morris received notice of the Commission's order on rehearing. A civil action is deemed commenced when the summons is served on the defendant. S. C. Code § 10-101 (1962). This Court stated in *Beard-Laney, Inc. v Darby*, 208 S. C. 313, 38 S. E. (2d) 1 (1946) that an action is commenced under S. C. Code § 58-124 (1962) by service of a summons. This section, while not applicable to review of orders of the Commission affecting telephone companies, is the apparent precursor of § 58-471. We hold, therefore, that an action is also commenced for purposes of § 58-471 by service of a summons, and the failure of Morris to follow this procedure within the required time deprived the lower court of jurisdiction of this action.

Accordingly, this appeal is dismissed for lack of jurisdiction of the subject matter. *McCullough v. McCullough*, 242 S. C. 108, 130 S. E. (2d) 77 (1963).

Appeal Dismissed.

LEWLS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.