530 S.E.2d 383

Ex Parte SADISCO OF GREENVILLE, INC., Petitioner,

v.

GREENVILLE COUNTY BOARD OF ZONING APPEALS;
Peter Nomikos, Zoning Administrator; and Ruben
Montalvo, Respondents.

No. 25107.

Supreme Court of South Carolina.

Submitted March 21, 2000.
Decided April 10, 2000.
Rehearing Denied May 24, 2000.

H. Michael Spivey, of Mauldin, for petitioner.

Troy A. Tessier, of Wyche, Burgess, Freeman & Parham, P.A., of Greenville, for respondent Ruben Montalvo.

Thomas H. Coker, Jr., and Boyd B. Nicholson, Jr., both of Haynsworth, Marion, McKay & Guérard, L.L.P., of Greenville, for respondents Greenville County Board of Zoning Appeals and Peter Nomikos, Zoning Administrator.

PER CURIAM:

Petitioner's original appeal in this case was from an order of the Greenville County Board of Zoning Appeals. The appeal to the circuit court was dismissed for failure to timely file and serve the Notice of Appeal. Petitioner then filed a motion for relief from judgment under Rule 60(b)(1), SCRCP.

The circuit court denied petitioner's Rule 60(b)(1) motion in which petitioner argued it did not timely file the Notice of Appeal through excusable neglect and inadvertence. Petitioner appealed the denial of the Rule 60(b)(1) motion. Thereafter, the Court of Appeals, without comment, granted respondents' motion to dismiss the appeal. Petitioner now seeks a petition for a writ of certiorari.

We grant the petition for a writ of certiorari, dispense with further briefing and vacate the order of dismissal.

We find the Court of Appeals was incorrect in summarily dismissing the appeal. Petitioner was appealing the denial of the Rule 60 motion not the dismissal of the underlying appeal. Therefore, the Court of Appeals should have considered the merits of the appeal, and if the Court of Appeals agreed with the circuit court, it should have affirmed the circuit court's ruling on the Rule 60 motion rather than summarily dismissing the appeal. *See Winesett v. Winesett,* 287 S.C. 332, 338 S.E.2d 340 (1985) (a denial of a Rule 60(b) motion is directly appealable).

■ However, addressing the merits, we find the circuit court correctly relied upon our decision in *Burnett v. South Carolina State Highway Dep't*, 252 S.C. 568, 167 S.E.2d 571 (1969), and thus we affirm the denial of petitioner's Rule 60 motion. This Court has consistently stated that service of the Notice of Appeal is a jurisdictional requirement, and this Court has no authority to extend or expand the time in which the Notice of Appeal must be served. *Mears v. Mears*, 287 S.C. 168, 337 S.E.2d 206 (1985); Rule 234(b), SCACR. We agree with the *Burnett* Court that if this Court were to allow a party to file a Rule 60 motion when a party fails to timely serve a Notice of Appeal, this Court would be exceeding its jurisdictional limits by allowing a party to extend or expand the time in which a Notice of Appeal may be served. Therefore, we decline to revisit the *Burnett* decision.

Accordingly, we vacate the Court of Appeals' decision in which it summarily dismissed the appeal and we affirm the circuit court's denial of petitioner's Rule 60 motion.

**AFFIRMED AS MODIFIED.**