553 S.E.2d 451

Gary P. TENCH, as Conservator for Jason Shawn Tench, and Individually, Appellant,

v.

The SOUTH CAROLINA DEPARTMENT OF EDUCATION, Respondent.

No. 25364.

Supreme Court of South Carolina.

Heard May 23, 2001.
Decided Oct. 1, 2001.

Douglas A. Churdar, of Greenville, for appellant.

Darren S. Haley, of The Code Law Firm, of Greenville, for respondent.

Chief Justice TOAL:

This appeal is from a trial court's Order granting relief under Rule 60(b)(1) and Rule 60(b)(5), SCRCP, and an Order granting summary judgment. The trial court found a father could not recover under the South Carolina Tort Claims Act, S.C.Code Ann. §§ 15–78–10 to 15–78–200 (Supp.2000) (the "Act"), for medical expenses resulting from injuries to his son, who was the legal age of majority at the time of the accident.

## FACTUAL/PROCEDURAL BACKGROUND

On October 6, 1994, eighteen year old Jason Tench ("Tench") was involved in an automobile accident with a school bus operated by the South Carolina Department of Education ("Department"). The school bus pulled in front of Tench's car, and he could not avoid driving underneath it. As a result, Tench suffered an almost fatal head injury, which left him with severe brain damage.

Tench was hospitalized and remained in a coma or a partial coma for six months. He currently lives at home where he needs constant and total care because he cannot take care of his basic needs. He cannot talk, eat, use the bathroom, dress, walk, or stand by himself. Tench spends his time either in bed or occasionally in a wheelchair. His condition is permanent, and he will never be able to care for himself. Without the care of his parents, Tench would have to live in a nursing home.

At the time of the accident, Tench was eighteen years old and had graduated from high school just four months earlier. He was attending Greenville Technical College and working part-time in his father's grocery store. He was dependent upon and supported by his parents. His father paid his college tuition and did not require Tench to pay rent.

Gary Tench ("Appellant") sued the Department as Tench's conservator, asserting a claim on behalf of his son for personal injuries and loss of enjoyment of life. Appellant also asserted an individual claim for medical bills and other expenses he

incurred and continues to incur as a result of Tench's injuries.[1] The Department did not contest liability and stipulated the medical bills for Appellant's treatment exceeded $250,000. The Department tendered $250,000, the statutory maximum under the Act at that time, for Tench's claim. What then followed was a procedural nightmare.

On July 9, 1996, the Department filed a Motion to Dismiss pursuant to Rule 12(b)(6), SCRCP on the grounds of failure to state a viable cause of action. The Department contended Appellant was not entitled to make an individual claim under the Act because Tench was eighteen at the time of the accident and emancipated as a matter of law. By stipulation, the parties agreed Appellant's claim would be resolved based upon the trial court's resolution of the Motion to Dismiss.

On September 20, 1996, the trial judge issued an Order which approved the $250,000 settlement for Tench's claims and denied the Department's Motion to Dismiss Appellant's claim. The trial judge ruled Appellant was entitled to make a claim under the Act for the recovery of medical expenses and loss of services resulting from injuries to Tench. The trial judge also held "the parties ... argued substantially outside the pleadings and have agreed that this Order will dispose of the case as far as the Circuit Court is concerned.... The Court rules as if this is a Summary Judgment Motion." The effect of the circuit court's order was to grant summary judgment to Appellant, and to enter a judgment on his behalf in the amount of $250,000.

The Department filed a "Motion for Reconsideration"[2] pursuant to Rule 59(e), SCRCP. On December 3, 1996, the Motion was heard and denied. Subsequently, on December 23, 1996, the Department filed its Notice of Intent to Appeal the September 20, 1996, Order.

On November 20, 1997, after the case was fully briefed, the Court of Appeals dismissed the appeal on the ground the

---

1. On October 9, 1996, Tench's mother filed a lawsuit pleading a negligence claim for her son, and a negligence claim for the medical expenses she was responsible for as Tench's mother. This lawsuit was dismissed by stipulation without prejudice.

2. This Motion is actually a Motion to Alter or Amend Judgment.

September 20, 1996, Order was not appealable. Apparently, the Court of Appeals considered the Order to be merely the denial of a Motion to Dismiss, which is not appealable under *Woodard v. Westvaco Corp.*, 319 S.C. 240, 460 S.E.2d 392 (1995). The Court of Appeals overlooked the fact the Order also rendered summary judgment for Appellant and, thus, was appealable. The Department did not file a Petition for Rehearing or a Petition for a Writ of Certiorari. The remittitur then went down and the case was again pending in the trial court for enforcement of judgment previously entered.

On March 10, 1998, pursuant to Rule 60(b)(4), SCRCP, the Department filed a Motion for Relief from the September 20, 1996, Order on the ground the judgment was void. The Department also filed another Motion for Relief under Rule 60(b), SCRCP, this time seeking relief under Rule 60(b)(1) and (5). On June 15, 1998, the trial court denied all the Rule 60(b) Motions.

Upon denial of its Rule 60(b) Motions, the Department filed a "Motion to Reconsider" pursuant to Rule 59(e), SCRCP on June 24, 1998. On September 16, 1998, the trial court granted the Motion to Reconsider and set aside Appellant's original judgment based on Rule 60(b)(1) and Rule 60(b)(5), SCRCP. Appellant then filed a Motion for Reconsideration on the ground Rule 60(b) did not provide a basis for relief from the September 20, 1996, Order. On December 8, 1998, the trial court denied Appellant's Motion for Reconsideration. The trial court instructed the parties to file opposing Motions for Summary Judgment. The Department's Motion for Summary Judgment was granted. Appellant appealed the Summary Judgment Order and the September 8, 1998, Order. The following issues are before this Court on appeal:

I.   Should the trial court's Orders voiding Appellant's judgment and granting summary judgment in favor of the Department be reversed where the trial court had no basis under Rule 60, SCRCP, to provide the Department relief from the trial court's September 20, 1996, Order?

II.  Does Appellant have an independent cause of action under the Act for the recovery of medical expenses and

loss of services resulting from injuries to his eighteen year old son?

## LAW/ANALYSIS

Appellant argues that the trial court's Order vacating the September 20, 1996, Order should be reversed. We agree.

■ The Court of Appeals erroneously construed the 1996 orders and dismissed the appeal because the denial of a Rule 12(b)(6), SCRCP, motion is not immediately appealable. *See Huntley v. Young*, 319 S.C. 559, 462 S.E.2d 860 (1995). Although the Department originally made a Motion to Dismiss pursuant to Rule 12(b)(6), SCRCP, the trial court ruled as if the parties had made cross motions for summary judgment because the parties "argued substantially outside the pleadings and have agreed [the trial court's Order] will dispose of the case as far as the Circuit Court is concerned." The Department should have filed a Petition for Rehearing after the Court of Appeals erroneously found the Department was appealing from an Order denying a Motion to Dismiss and not from an Order granting Summary Judgment to Appellant.

■ Instead of pursuing its appellate rights, the Department sought the exact same relief by way of Rule 60(b), and the trial court ultimately granted the Department that relief under Rule 60(b)(1) and Rule 60(b)(5). Appellant contends this was error, and we agree. The 60(b)(1) motion was untimely since it was filed in April 1998, well more than a year after the 1996 orders were filed. Rule 60(b), SCRCP (motion pursuant to Rule 60(b)(1) must be filed "not more than one year after the judgment, order or proceeding was entered or taken"). Further, we hold the circuit court erred in granting relief under Rule 60(b)(5). A party may not invoke this rule where it could have pursued the issue on appeal. *See Smith Companies of Greenville v. Hayes*, 311 S.C. 358, 428 S.E.2d 900 (Ct.App.1993) (finding relief from judgment is not a substitute for appeal from final judgment, particularly when it is clear party seeking relief could have litigated at trial and on appeal claims he now makes by motion). When the Department failed to petition the Court of Appeals for rehearing, it effectively abandoned its right to relitigate under Rule 60(b)(5) the issues raised in that appeal.

Because we decide the circuit court erred in granting the Department relief under Rule 60(b), we decline to address whether Appellant had an independent cause of action against the Department for the recovery of medical expenses and loss of services of his adult son.

## CONCLUSION

We **REVERSE** the trial court's Order vacating the September 20, 1996, Order and reinstate the $250,000 judgment awarded Appellant.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.