THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Gary P. Tench, as Conservator for Jason Shawn
Tench, and individually, Appellant,
v.
The South Carolina Department of Education, Respondent.
 
 
 

Appeal From Greenville County
 John C. Few, Circuit Court Judge

Unpublished Opinion No. 2005-UP-161   
Submitted February 1, 2005  Filed March 7, 2005 

AFFIRMED

 
 
 
Douglas A. Churdar, of Greenville, for Appellant.
Andrew F. Lindemann, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Gary Tench (Appellant), as Conservator for Jason Tench, appeals from an order finding the accrual of post-judgment interest ceased when the South Carolina Department of Education (Respondent) paid its judgment obligation.  We affirm.[1]  
FACTS 
 This action arose from a motor vehicle accident on October 6, 1994, in which eighteen-year-old Jason Tench was seriously and permanently injured when a school bus operated by the Respondent pulled in front of his vehicle.  Jasons father, Appellant, brought suit against Respondent for Jasons bodily injuries and medical expenses.  In addition to a $250,000 payment to Jason, on September 20, 1996, Respondent was ordered to pay $250,000 to Appellant.[2]  After a complex procedural stage, our Supreme Court reinstated the September 20, 1996 judgment by order filed October 1, 2001.[3]  After remand, a dispute arose as to whether post-judgment interest commenced on September 20, 1996 or October 1, 2001, when the original order was reinstated.  An order filed on December 4, 2001 determined that the accrual of post-judgment interest commenced on September 20, 1996.[4]  On that same date, Respondent delivered a check for $250,000 to Appellants counsel, which was accepted.  As of December 4, 2001, the post-judgment interest that had accrued since September 20, 1996 totaled $182,191.75.  In 2003, Respondent paid Appellant $182,191.75.  Appellant maintains that he is entitled to additional post-judgment interest from December 4, 2001 through the date the $182,191.75 was tendered.  Appellant filed a motion requesting the lower court declare the legal rights between the parties with respect to the issue of post-judgment interest.  An order filed on January 19, 2004 determined Appellant was entitled only to post-judgment interest in the amount of $182,191.75, which had already been tendered by Respondent.  Appellant now appeals.             
 STANDARD OF REVIEW
 The interpretation of a statute is a matter of law.  Eldridge v. City of Greenwood, 331 S.C. 398, 416, 503 S.E.2d 191, 200 (Ct. App. 1998).  In an action at law, our scope of review extends only to the correction of errors of law.  Okatie River, L.L.C. v. Southeastern Site Prep,
 L.L.C., 353 S.C. 327, 334, 577 S.E.2d 468, 472 (Ct. App. 2003).  In an action at law, the trial judges findings of fact will not be disturbed on appeal unless the findings are wholly unsupported by the evidence or controlled by an erroneous application of the law.  Gordon v. Colonial Ins. Co. of California, 342 S.C. 152, 155, 536 S.E.2d 376, 378 (Ct. App. 2000).    
 LAW/ANALYSIS
 Appellant argues the trial court erred by determining the accrual of post-judgment interest ceased when the Respondent paid a portion of its combined judgment/post-judgment interest obligation.  We disagree.
 Section 34-31-20(b) of the South Carolina Code (Supp. 2004), which governs the award of post-judgment interest, provides that [a]ll money decrees and judgments of courts enrolled or entered shall draw interest according to law.  The parties agreed that this statute has been interpreted as providing for simple interest, not compound interest.  
 Our Supreme Court has defined compound interest as interest on interest; that is, accrued interest is added periodically to the principle and interest is computed upon the new principle thus formed.  In the Matter of Howard, 315 S.C. 356, 362, 434 S.E.2d 254, 258 (1993).  By arguing that he is entitled to additional post-judgment interest, the Appellant is making a claim for compound rather than simple interest.  According to simple interest, post-judgment interest accrued only on the $250,000 judgment and once Respondent paid that judgment, which occurred on December 4, 2001, no additional interest accrued.[5]  Thus, because section 34-31-20(b) of the South Carolina Code (Supp. 2004) does not specifically provide for compound interest, the trial judge was correct in concluding that additional interest does not accrue on interest.[6] 
 AFFIRMED.
 ANDERSON, BEATTY, AND SHORT, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215], SCACR.
[2] At the time of the accident, the South Carolina Tort Claims Act, under which these claims were brought, included monetary caps of $250,000 per person and $500,000 per occurrence.
[3] Tench v. South Carolina Dept of Educ., 347 S.C. 117, 553 S.E.2d 451 (2001).
[4] The order stated that [t]he Defendant must satisfy the Plaintiffs judgment with post-judgment interest at the statutory rate of 14% from September 20, 1996 through the date of satisfaction.  The order did not provide for the payment of additional post-judgment interest after December 4, 2001, nor did it provide for the payment of interest on interest.
[5] Although Appellant describes Respondents post-judgment interest as a component of a judgment/post-judgment interest obligation, he acknowledges in his brief that that post-judgment interest is not part of the judgment itself.
[6] Judge Few correctly stated in his order that [i]f interest in interest is due in a situation such as this, it is the role of the General Assembly to provide for an award of compound interest by statute.