**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Adrian Hammond, Appellant,

v.

The State-Record Company, Inc., Lezlie Patterson, Tanya R. Fogg, Monte Paulson, Lisa Greene, and Cliff LeBlanc, Respondents.

Appellate Case No. 2010-176626

Appeal From Richland County
Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2014-UP-026
Submitted October 1, 2013 – Filed January 22, 2014

**AFFIRMED**

Adrian Hammond, of Columbia, pro se.

Jay Bender, of Baker Ravenel & Bender, LLP, of Columbia, for Respondents.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the circuit court erred in finding Respondents' counsel's letter to Judge Barber was not an unrequired and inappropriate ex parte communication: *Rouvet v. Rouvet*, 388 S.C. 301, 308, 696 S.E.2d 204, 207 (Ct. App. 2010) ("The decision to grant or deny a motion made pursuant to Rule 60(b)[, SCRCP,] is within the sound discretion of the [circuit court]."); *Williams v. Watkins*, 384 S.C. 319, 324, 681 S.E.2d 914, 917 (Ct. App. 2009) (stating in determining whether to grant relief under Rule 60(b), SCRCP, a court must consider the following factors: "(1) the timing of the motion for relief, (2) whether the party requesting relief has a meritorious [claim or] defense, and (3) the degree of prejudice to the opposing party if relief is granted"); *Sadisco of Greenville, Inc. v. Greenville Cnty. Bd. of Zoning Appeals*, 340 S.C. 57, 59, 530 S.E.2d 383, 384 (2000) (stating Rule 60(b), SCRCP, is not a substitute for a timely appeal, and the filing of a Rule 60(b) motion cannot extend the time in which an appeal must be filed for the underlying action); *Tench v. S.C. Dep't of Educ.*, 347 S.C. 117, 121, 553 S.E.2d 451, 453 (2001) ("A party may not invoke [Rule 60(b), SCRCP,] where it could have pursued the issue on appeal."); *Thomas & Howard Co. v. T.W. Graham & Co.*, 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995) ("A judgment will not be vacated for a mere irregularity which does not affect the justice of the case, and of which the party could have availed himself, but did not do so until judgment was rendered against him."); Canon 3(B)(7), Rule 501, SCACR (authorizing ex parte communications between a judge and a party so long as those communications are "for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits").

2.  As to whether the circuit court erred in finding Judge Barber had the authority to reschedule a hearing on Appellant's motion to dismiss:  *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."); *Sadisco*, 340 S.C. at 59, 530 S.E.2d at 384 (stating Rule 60(b), SCRCP, is not a substitute for a timely appeal, and the filing of a Rule 60(b) motion cannot extend the time in which an appeal must be filed for the underlying action); *Tench*, 347 S.C. at 121, 553 S.E.2d at 453 ("A party may not invoke [Rule 60(b), SCRCP,] where it could have pursued the issue on appeal."); *Thomas & Howard Co.*, 318 S.C. at 291, 457 S.E.2d at 343 ("A judgment will not be vacated for a mere irregularity which does not affect the justice of the case, and of which the party could have availed himself, but did not do so until judgment was rendered against him.").

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.