**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William A. Brazell, Individually and as Personal Representative of the Estate of Geneva J. Brazell, deceased, Appellant,

v.

Judith D. Haley, Respondent.

Appellate Case No. 2017-001267

———————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-034
Submitted January 1, 2020 – Filed February 5, 2020

———————

**AFFIRMED**

———————

Samuel M. Price, Jr., of Newberry, for Appellant.

Judith D. Haley, of Columbia, pro se.

———————

**PER CURIAM:** William A. Brazell appeals the circuit court's order dismissing his action, arguing the circuit court erred in (1) failing to construe his attorney's

emails as a motion for a continuance and a motion for reconsideration and (2) dismissing the action with prejudice. We affirm.[1]

We find the circuit court did not abuse its discretion in denying Brazell's motion for relief from judgment and reinstatement of the case. *See Honorage Nursing Home of Florence, S.C., Inc. v. Florence Convalescent Ctr., Inc.*, 367 S.C. 108, 113, 623 S.E.2d 853, 855 (Ct. App. 2005) ("Relief from judgment under Rule 60, SCRCP, rests within the sound discretion of the circuit court, and the circuit court's findings will not be disturbed on appeal absent an abuse of that discretion."); *RRR, Inc. v. Toggas*, 378 S.C. 174, 181, 662 S.E.2d 438, 441 (Ct. App. 2008) ("Such an abuse arises when the circuit court issuing the order was controlled by an error of law or when the order, based upon factual conclusions, is without evidentiary support." (quoting *Goodson v. Am. Bankers Ins. Co. of Fla.*, 295 S.C. 400, 402, 368 S.E.2d 687, 689 (Ct. App. 1988))), *aff'd*, 381 S.C. 490, 674 S.E.2d 170 (2009). Here, Brazell failed to file a timely motion for reconsideration or notice of appeal of the circuit court's January 27, 2017 order dismissing the action. *See* Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."); Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."). Instead, Brazell filed a motion on March 3, 2017, arguing for the reversal of the order and reinstatement of the case. We find Brazell's March 3 motion attempted to invoke Rule 60(b) as a substitute for an appeal from final judgment. *See Tench v. S.C. Dep't of Educ.*, 347 S.C. 117, 121, 553 S.E.2d 451, 453 (2001) ("A party may not invoke [Rule 60(b)] where it could have pursued the issue on appeal."); *Smith Cos. of Greenville v. Hayes*, 311 S.C. 358, 428 S.E.2d 900 (Ct. App. 1993) (finding relief from judgment is not a substitute for appeal from final judgment, particularly when it is clear the party seeking relief could have litigated at trial, and on appeal, claims he now makes by motion).

Furthermore, to the extent Brazell argues his attorney's emails to the circuit court should be construed as timely motions for a continuance and reconsideration, we find his argument is without merit. Brazell sent these emails directly to the circuit court, did not copy the respondent on the emails, and did not file them with the clerk of court; therefore, we find these emails cannot be construed as motions because they did not comply with the requirements of the South Carolina Rules of Civil Procedure. *See* Rule 5(a), SCRCP ("Unless otherwise ordered by the court because of numerous defendants or other reasons, all . . . written motions, other

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

than ones which may be heard ex parte . . . shall be served upon each of the parties of record."); Rule 5(d), SCRCP ("All papers required to be served upon a party . . . shall be filed with the court . . . ."); Rule 5(e), SCRCP ("The filing of pleadings and other papers with the [circuit] court as required by these rules shall be made by filing them with the clerk of the court, except that the [circuit court] may permit the papers to be filed with him . . . ."). Accordingly, we find the circuit court did not abuse its discretion in denying Brazell's motion.

Additionally, we find the issue of whether the circuit court erred in dismissing Brazell's case with prejudice is not preserved for review. Brazell did not file a timely notice of appeal for the January 27 order dismissing the case; instead, he appealed the circuit court's May 2 order that explicitly stated the case was dismissed with prejudice. *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."). Because the January 27 order was not appealed, we find the January 27 order is the law of the case. *See Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund*, 389 S.C. 422, 431, 699 S.E.2d 687, 691 (2010) ("An unappealed ruling is the law of the case and requires affirmance."). Accordingly, the circuit court's order dismissing this case is

**AFFIRMED.**

**THOMAS, GEATHERS, and HEWITT, JJ., concur.**