**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2006-17, Asset-Backed Certificates, Series 2006-17, Respondent,

v.

Louise Legare-Gardner; CIT Bank, National Association s/b/m to IndyMac Bank, F.S.B., Defendants,

Of whom Louise Legare-Gardner is the Appellant.

Appellate Case No. 2017-002286

Appeal From Jasper County
Benjamin C. P. Sapp, Special Referee

Unpublished Opinion No. 2020-UP-170
Submitted May 1, 2020 – Filed June 3, 2020

**AFFIRMED**

Louise Legare-Gardner, of Bluffton, pro se.

William Price Stork, of Brock & Scott, PLLC, William S. Koehler, of Albertelli Law Firm, and Bradford Meekin Stokes, all of Columbia; Michael Casin Griffin and Jonathan Edward Schulz, both of Bradley Arant Boult Cummings, LLP, of Charlotte, North Carolina;

Genevieve Speese Johnson, of Brock & Scott, PLLC, of Atlanta, Georgia; Wesley D. Dail, of Sessoms & Rogers, P.A., of Durham, North Carolina; and Suzanne E. Brown, of Hamlet & Associates PLLC, of Wilmington, North Carolina; all for Respondent.

---

**PER CURIAM:**  Louise Legare-Gardner appeals the special referee's September 27, 2017 order denying her motion to set trial, denying her request for trial scheduling order and objection to hearing scheduled, and granting Deutsche Bank National Trust Company's request to re-set the property for foreclosure sale.  We affirm the special referee's denial of her motions pursuant to Rule 220(b), SCACR.

First, to the extent Legare-Gardner is attempting to challenge the special referee's April 25, 2016 order and judgment of foreclosure and sale, this court cannot address any issues stemming from that order because Legare-Gardner did not timely appeal the order of foreclosure and sale.  *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

Second, the special referee properly denied Legare-Gardner's motions, whether they are construed as either Rule 59(b), SCRCP, motions or Rule 59(e), SCRCP, motions.  *See* Rule 59(b), SCRCP ("In non-jury actions [a new trial] motion shall be made not later than 10 days after the receipt of written notice of the entry of judgment or of the filing of an order disposing of the action, if no judgment has been entered."); Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order.").[1]

**AFFIRMED.**[2]

---

[1] We further note Legare-Gardner's motions were not proper under Rule 60(b), SCRCP.  *See Tench v. S.C. Dep't of Educ.*, 347 S.C. 117, 121, 553 S.E.2d 451, 453 (2001) ("A party may not invoke [Rule 60, SCRCP,] where it could have pursued the issue on appeal."); *Smith Cos. of Greenville v. Hayes*, 311 S.C. 358, 359, 428 S.E.2d 900, 902 (Ct. App. 1993) ("Relief from judgment under Rule 60[, SCRCP] should not be considered a substitute for appeal from a final judgment, particularly when it is clear the party seeking relief could have litigated at trial and on appeal the claims he now makes by motion.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**