**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Andrew Davis Desilet, Appellant,

v.

South Carolina Department of Motor Vehicles and South Carolina Department of Public Safety, Respondents.

Appellate Case No. 2021-000007

―――――――――

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

―――――――――

Unpublished Opinion No. 2022-UP-435
Submitted November 1, 2022 – Filed December 7, 2022

―――――――――

**AFFIRMED**

―――――――――

Larry Conrad Marchant, Jr., of Columbia, for Appellant.

Frank L. Valenta, Jr., of Columbia; Brandy Anne Duncan and Curtis Regurrel Hutchinson, both of Blythewood; and Sally C. Dey, of Charleston, all for Respondent South Carolina Department of Motor Vehicles.

Teckla S. Henderson, of Blythewood, for Respondent South Carolina Department of Public Safety.

―――――――――

**PER CURIAM:** Andrew Desilet appeals an order of the administrative law court (ALC) granting the South Carolina Department of Motor Vehicles' (DMV's) motion to dismiss for failure to serve the notice of appeal. On appeal, Desilet argues his inadvertent error in mailing the notice of appeal to the wrong address was a mere clerical error that did not divest the ALC of jurisdiction over his case. We affirm.

1. The ALC properly granted the DMV's motion to dismiss because Desilet conceded that he failed to serve the DMV with the notice of appeal and the requirement to serve the notice of appeal on all parties is jurisdictional. *See* S.C. Code Ann. § 1-23-380(1) (Supp. 2022) ("Proceedings for review are instituted by serving and filing [a] notice of appeal . . . within thirty days after the final decision of the agency . . . ."); *id.* ("Copies of the notice of appeal must be served upon the agency and all parties of record."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("[T]he requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice."); *Sadisco of Greenville, Inc. v. Greenville Cnty. Bd. of Zoning Appeals*, 340 S.C. 57, 59, 530 S.E.2d 383, 384 (2000) ("[S]ervice of the Notice of Appeal is a jurisdictional requirement, and [an appellate court] has no authority to extend or expand the time in which the Notice of Appeal must be served.").

2. We decline to decide Desilet's additional issues because our finding that the ALC properly granted the DMV's motion to dismiss is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not review remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.