**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Ware, Alisa Ware, Jason DuBose, and Amanda DuBose, Appellants,

v.

Beaufort County Zoning Board of Appeals and Robert Merchant, in his Capacity as Planning Director of Beaufort County, Respondents.

Appellate Case No. 2024-000759

Appeal From Beaufort County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2026-UP-098
Heard September 9, 2025 – Filed February 25, 2026

**REVERSED AND REMANDED**

Thomas C Taylor, of Law Offices of Thomas C. Taylor, LLC, of Bluffton, for Appellants.

Danny Calvert Crowe, of Garfield Spreeuwers Law Group, LLC, of Columbia, for Respondents.

**PER CURIAM:** This appeal arises from a decision of the Beaufort County Zoning Board of Appeals (Zoning Board) upholding the Beaufort County Planning

Director's determination that Beaufort County's operation of a commercial ferry terminal in a residential area was appropriate. James Ware, Alisa Ware, Jason Dubose, and Amanda Dubose (collectively, Appellants) argue the circuit court erred in (1) dismissing their appeal from the Zoning Board decision as untimely, and (2) denying their motion to file a supplemental notice of appeal after the time for appeal had run. We reverse and remand for further proceedings.

**Facts and Procedural History**

In October 2017, Hurricane Matthew damaged the Palmetto Bay Marina, from which Beaufort County's contracted vendors operated the Daufuskie Island Ferry. Beaufort County subsequently relocated the ferry to McKay's Creek in the Buckingham Island neighborhood. Appellants claim they were "forced to deal with substantially increased traffic, pedestrian trespassers, illegal parking, trash, voyeurism, and all other expected by-products of a major commercial ferry operation" and that Beaufort County ignored the neighborhood's complaints.

On September 15, 2021, Appellants requested a determination from Robert Merchant, Director of Beaufort County Community Development, addressing the County's use of the Buckingham Landing property as a commercial ferry landing. On April 21, 2022, Merchant responded to Appellants' request, finding the use of the commercial dock as a ferry landing conformed to the zoning permit issued in 2009. Appellants appealed Merchant's decision to the County Zoning Board.

On July 28, 2022, the Zoning Board voted—in a tie vote—to uphold Merchant's decision that the ferry was a conforming use of the property. On August 8, 2022, Zoning and Development Administrator Hillary A. Austin issued the agenda for the Zoning Board's August 25 meeting. This agenda included Appellants' request for reconsideration of the Zoning Board's decision.

On August 18, 2022, counsel for Appellants notified the Zoning Board of the filed petition for reconsideration and that Appellants planned to further appeal. Appellants argued that pursuant to statutes, ordinances, and the Beaufort County Rules of Procedure, "the [Zoning Board] must, by a majority vote, take affirmative action on the pending appeal." Appellants' correspondence further stated:

> [T]he [Zoning Board] motion to reverse Director
> Merchant's Determination ended on a tie vote, and thus
> no action has been taken by the [Zoning Board], as
> required by the CDC. Thus, the Wares and Ms. Dubose

have not received an answer from the [Zoning Board] to their appeal and ask that the issue be further considered at the [Zoning Board's] earliest convenience after notice to me, the Wares, and Ms. Dubose.

Appellants filed their notice of appeal in the circuit court on August 23, 2022.

On September 16, 2022, the Zoning Board issued a written decision and order; this order was mailed on September 20, 2022.

On October 24, 2022, Appellants moved to serve a supplemental pleading, seeking to supplement their initial notice of appeal with the Zoning Board's written decision. On October 25, 2022, Merchant moved to dismiss Appellants' Notice of Appeal and Petition, arguing it was untimely because Appellants filed the notice and petition *before* the Zoning Board issued its written decision.

Following a hearing, the circuit court dismissed the appeal and denied Appellants' motion to serve a supplemental pleading. The circuit court found Appellants' appeal was "premature and untimely," and thus did not comply with the statutory time for filing an appeal from the Zoning Board. The circuit court further noted Appellants did not file a new appeal or move to supplement their appeal within thirty days of the mailing of the Zoning Board's decision. The court also found Rule 6(e), SCRCP, did not provide five additional days for serving the notice, even though Appellants received the Zoning Board's decision by mail. The circuit court stated, "By denying Respondent's Motion or granting Appellants' Motion, this Court would be extending or expanding the statutory time period for appeal."

The circuit court denied Appellants' subsequent Rule 59(e), SCRCP, motion, and Appellants timely appealed to this court.

**Analysis**

Appellants argue the circuit court erred in dismissing their appeal as untimely because even if they erred in filing the appeal too early, this early filing was a good-faith clerical error, was not prejudicial to Respondents, and is not jurisdictionally fatal. We find the circuit court erred in dismissing the "too early" appeal as untimely and in denying Appellants' motion to supplement their appeal of the oral declaration of a tie vote with the Zoning Board's written decision.

The timeline for this appeal is governed by statutory authorities found in the Comprehensive Zoning and Planning Act. For appeals from a local zoning board, the applicable statutes provide:

> All final decisions and orders of the board must be in writing and be permanently filed in the office of the board as a public record. All findings of fact and conclusions of law must be separately stated in final decisions or orders of the board which must be delivered to parties of interest by certified mail.

S.C. Code Ann. § 6-29-800(F) (Supp. 2025).

> A person who may have a substantial interest in any decision of the board of appeals or an officer or agent of the appropriate governing authority may appeal from a decision of the board to the circuit court in and for the county, by filing with the clerk of the court a petition in writing setting forth plainly, fully, and distinctly why the decision is contrary to law. The appeal must be filed within thirty days after the decision of the board is mailed.

S.C. Code Ann. § 6-29-820(A) (Supp. 2025).

> The procedures governing appeals of Board decisions to the circuit court are prescribed by statute. Section 6-29-820 requires that the aggrieved party must file a written petition with the clerk of court "setting forth plainly, fully, and distinctly why the decision is contrary to law." Furthermore, this petition "must be filed within thirty days after the decision of the board is mailed." S.C. Code Ann. § 6-29-820 (Supp. 2003). The statute makes no provision for amendment of the grounds set forth in the petition.

*Austin v. Bd. of Zoning Appeals*, 362 S.C. 29, 37, 606 S.E.2d 209, 213 (Ct. App. 2004).

Our review of South Carolina case law reveals no authority to establish that filing a notice of appeal too early is jurisdictionally fatal to an appeal. Indeed, our cases tend to address late notices filed *after* the jurisdictional deadline has passed. *See, e.g., Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice."); *Hill v. S.C. Dep't of Health & Env't Control*, 389 S.C. 1, 21, 698 S.E.2d 612, 623 (2010) ("The service of a notice of appeal is a jurisdictional requirement, and the time for service may not be extended by this Court."); *Sadisco of Greenville, Inc. v. Greenville Cnty. Bd. of Zoning Appeals*, 340 S.C. 57, 59, 530 S.E.2d 383, 384 (2000) ("This Court has consistently stated that service of the Notice of Appeal is a jurisdictional requirement, and this Court has no authority to extend or expand the time in which the Notice of Appeal must be served."). Although we recognize service of the notice of appeal is a jurisdictional requirement, we decline to extend this jurisdictional bar to an appeal filed *too early* in a situation such as this. More significantly, we do not read the governing statutes to deprive the circuit court of jurisdiction to consider an appeal filed within thirty days of the declaration of the Zoning Board's decision, particularly when the appealing parties have made a good faith effort to supplement their initial filing with the Board's mailed written decision following their earlier appeal of the oral "tie vote" declaration. For these reasons, we reverse the circuit court's finding that it lacked jurisdiction to hear this appeal because the notice was filed *before* the mailing of Zoning Board's decision.[1]

**Conclusion**

We reverse the circuit court's order dismissing Appellants' appeal and remand this matter to the circuit court for further proceedings.

**REVERSED AND REMANDED.**

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decline to address Appellants' Rule 6(e), SCRCP, argument as our consideration of Appellants' early filing is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding appellate courts need not address remaining issues when determination of a prior issue is dispositive).